41 So.2d 559

In re OPINION OF THE JUSTICES,

No. 93.

Supreme Court of Alabama.
April 26, 1949.

Opinion of the Justices of the Supreme Court in answer to questions propounded by the Governor under Code 1940, Tit. 13, § 34, relating to an amendment to the Constitution permitting certain counties to levy and collect a special tax for county hospitals.

The Honorable Chief Justice and the Associate Justices of the Supreme Court of Alabama
Montgomery, Alabama

Gentlemen:

The governing bodies of a number of counties in the State contemplate calling elections under the constitutional amendment proposed by Act No. 357 adopted at the 1947 Regular Session of the Legislature (General Acts, 1947, p. 241), which was ratified by the qualified electors of the State on November 2, 1948, and proclaimed a valid amendment to the constitution by proclamation made by me as Governor on November 15, 1948. For convenience the said amendment is herein referred to as "the amendment". Important questions as to the interpretation of the amendment must be determined before the governing bodies of those counties can safely proceed to call the contemplated elections and to prepare the ballots for submission to the voters.

Pursuant to the provisions of Title 13, Section 34, Alabama Code of 1940, I, therefore, respectfully request your opinion on the following important constitutional questions concerning the interpretation of the amendment:

1. Is the word "or" where underscored in the following excerpt from the amendment: "to be used solely for acquiring, by purchase, lease, or otherwise, constructing, operating, equipping, or maintaining county hospitals or other public hospitals, nonprofit hospitals and public health facilities", used copulatively, and not disjunctively, so that the quoted excerpt has the same meaning as: "to be used solely for the purposes of acquiring, by purchase, lease, or otherwise, constructing, operating, equipping, and maintaining county hospitals, other public hospitals, non-profit hospitals and public health facilities; or for any one or more of such purposes"?

2. Is a county governing body authorized by the amendment to call an election upon the levy of the tax referred to therein to be used solely for acquiring, by purchase, lease, or otherwise, constructing, operating, equipping, or maintaining county hospitals, or other public hospitals, non-profit hospitals and public health facilities (the ballot at such election using the language contained in the amendment), and, if the tax is approved by a majority of the qualified electors of the county who participate in such election, to apply the proceeds derived from the tax for any or all of such purposes as the county governing body may from time to time deem in the public interest?

3. May the proceeds of a special county tax levied under the amendment and voted for any or all of the purposes permitted thereby be used to pay the principal of and interest on valid indebtedness thereafter incurred by a county for any or all of the purposes for which the tax was voted?

4. May the ballot used in an election under the amendment properly provide that so much as may be necessary of the proceeds of the tax voted on shall be used for constructing and equipping a county hospital and that any surplus shall be used for the operation and maintenance thereof?

5. Does the amendment authorize the governing body of a county to call an election upon the levy of a special county tax, not exceeding four mills on each dollar of taxable property in the county, to be used solely for the purpose of paying the principal of and interest on bonds to be thereafter issued by the county to raise funds to acquire sites for and to construct and equip public hospitals in the county and, to the extent that the proceeds from said tax may be in excess of the amount required to pay said principal and interest as they respectively mature, for the purpose of paying the cost of operating and maintaining said public hospitals?

6. Does the term "public hospitals" or the term "non-profit hospitals" or the term "public health facilities" as used in the amendment include the following:

(a) A district tuberculosis sanitorium operated under Act No. 287 adopted at the 1945 Regular Session of the Legislature (General Acts 1945, p. 474), if the county concerned is a regional sponsor thereof and the sanitorium is located

(1) in the county?

(2) outside the county but within a district (as provided for in said Act No. 287) which includes the county?

(b) Hospitals, health centers, and related facilities owned or operated by a hospital association established under Act No. 211 adopted at the 1945 Regular Session of the Legislature (General Acts, 1945, p.

330), if the county concerned, acting either alone or with other local political subdivisions, established such hospital association and if such hospitals, health centers, and related facilities are located:

(1) in the county?

(2) outside the county but within a zone (as determined by the State Board of Health under said Act No. 211) which includes the county?

7. In any case where a county, acting either alone or with other local political subdivisions, has established a hospital association under the provisions of said Act No. 211, can the governing body of such county call an election under the amendment upon the question whether the tax provided for in the amendment shall be levied for payment of the principal of and interest on obligations to be issued by such hospital association for the purpose of acquiring and equipping a hospital?

8. In any case where a county, acting either alone or with other local political subdivisions, has established a hospital association under the provisions of said Act No. 211, can the governing body of such county call an election under the amendment upon the question whether the tax provided for in the amendment shall be levied for payment of the principal of and interest on obligations to be issued by such hospital association for the purpose of acquiring and equipping a hospital and, to the extent that the proceeds from said tax may be in excess of the amount required to pay said principal and interest as they respectively mature, for payment of the cost of operating and maintaining such hospital?

9. If the tax referred to in the amendment is authorized by vote of a majority of the qualified electors of the county who participate in an election called for that purpose, is the governing body of the county required by the amendment to levy the tax so authorized for the tax year ending on September 30 next succeeding the election even though the election is held after February in that year?

10. Does the amendment authorize the governing body of a county to call an election thereunder at any time without having received a petition signed by not less than 5% of the qualified electors of the county requesting that the election be called?

11. Does the call and conduct of one election under the amendment by the governing body of a county exhaust the power to call and conduct elections thereunder, or may elections be called from time to time, so long as the rate of the special county tax authorized by the successive elections does not at any time exceed four mills on each dollar of taxable property in the county?

Respectfully submitted,
James E. Folsom
Governor

A. A. Carmichael, Atty. Gen., Jas. T. Hardin, Asst. Atty. Gen., and Wm. Alfred Rose, Ellene Winn and White, Bradley, Arant & All, all of Birmingham, filed briefs amici curiae.

PER CURIAM.

Governor James E. Folsom
State Capital
Montgomery, Alabama

Sir:

Opinion of the Justices of the Supreme Court of Alabama. In re: Inquiry of the Governor in respect to the constitutional amendment proposed by Act No. 357 passed by the House and Senate at the original session of the 1947 session of the Legislature and published in General Acts of 1947, p. 241.

The language of the amendment is: "If the tax is authorized by vote of a majority of the qualified electors of the county who participate in any election called for that purpose, the governing body of every county except Mobile, Montgomery and Jefferson Counties must levy and collect, in addition to all other taxes authorized by law, a special county tax, not exceeding four mills on each dollar of taxable property in the county, to be used solely for acquiring, by purchase, lease, or otherwise, constructing, operating, equipping, or maintaining county hospitals, or other public hospitals, non-profit hospitals and public health facilities. An election may be called at any time by the governing body of the county, and must be called within three months of receipt of a petition, signed by

not less than five per cent of the qualified electors of the county, requesting that the election be called. The election shall be conducted in the manner which the governing body of the county prescribes."

■ This amendment was ratified by the electorate of the state at the November election 1948 and was proclaimed effective by the Governor's proclamation of November 15, 1948. By the adoption of this amendment, the electorate of the state has set up a vehicle by which the electorate of the several counties falling within the purview of the amendment may tax themselves for the purpose of acquiring and maintaining *county* hospitals and *public health facilities* as a county institution. This much is clear. But just what the framers of the proposed amendment had in mind by the use of the words and phrases *"or other public hospitals, non-profit hospitals"* is not entirely clear to us. However, we believe we are on safe ground in holding that said phrases were added to emphasize that such county institutions, so acquired, were not to be operated for profit and should be maintained by the tax levied under the amendment.

■ The amendment became effective on November 15, 1948, in so far as it authorized the governing body of the county to call an election under the referendum provisions of the amendment and is mandatory for the calling of such election on receipt of a petition signed by not less than five percent of the qualified electors of the county "requesting that the election be called." It is also clear that the amendment is mandatory in respect to levying the tax, when authorized by the electorate of the county, the language of the amendment being, "if the tax is authorized by vote of a majority of the qualified electors of the county who participate in any election called for that purpose, the governing body of every county except Mobile, Montgomery and Jefferson Counties *must* levy and collect, in addition to all other taxes authorized by law, a special county tax, not exceeding four mills on each dollar of taxable property in the county, * * *." [Italics supplied.] City of Bessemer v. Birmingham Electric Co., ante, p. 171, 40 So.2d 193.

■ The amendment creates a trust fund for the purpose of acquiring and maintaining county hospitals and health facilities in connection therewith and the tax once levied is to be continued so long as the needs for such health facilities and hospitalization exist and are maintained by the county.

■ There is nothing in this amendment which suggests the creation of debts by the county or the issuance of bonds or interest bearing warrants to obtain funds for the purpose of acquiring, leasing or establishing such hospitals and the payment of interest on money borrowed for any such purpose. Hagan v. Commissioner's Court of Limestone County et al., 160 Ala. 544, 49 So. 417, 37 L.R.A.,N.S., 1027. We deem it proper to call attention to § 216 of the Constitution of 1901 where debts with interest were contemplated and express provision made therefor. The provisions of the amendment clearly indicate a "pay as you go" plan, without regard to the debt limit of the county under other provisions of the constitution. It is familiar law in the interpretation of statutes, constitutional amendments and other writings, that the intent of such writing is the substance, and the verbiage is mere form, and courts are at liberty in ascertaining the intent to hold that the disjunctive conjunction "or" and the conjunctive conjunction "and", sometimes carelessly used, are interchangeable, to discover the intent of the writing. Hilliard v. Binford's Heirs, 10 Ala. 977, 996; Harris v. Parker, 41 Ala. 604, 615, 616; Porter v. State, 58 Ala. 66; Rutland v. Emanuel, 202 Ala. 269, 80 So. 107.

■ We, therefore, in answer to the first inquiry advise that said amendment is subject to the interpretation stated in the question to this extent, "to be used solely for acquiring, by purchase, lease, or otherwise, constructing, operating, equipping, and maintaining county hospitals, * * * and public health facilities."

We have explained our position as to the use of the words or phrases "or other public hospitals, non-profit hospitals".

■ Question 2. We give an affirmative answer, yes.

■ Questions 3 and 5. What we have said above gives a negative answer to these questions.

Question 4. Answering question 4, we give the affirmative answer, yes.

Question 6. Answering question 6, we are of opinion that the hospital acquired and maintained under the provisions of the amendment and with the funds which it authorizes must be a county institution located within the county, operated under the supervision of the county board or such other agency as the legislature may prescribe.

Question 7 is given a negative answer.

Question 8 is given a negative answer.

Question 9. The amendment fixes no exact time for the calling of the election. That question is left as a matter of discretion with the county board but they must levy the tax.

Questions 10 and 11. The amendment authorizes the county governing body to call an election at any time, and, it must call the election when a petition signed by not less than five percent of the qualified electors of the county request that the election be called.

Respectfully submitted,

JOEL B. BROWN
A. B. FOSTER
J. ED LIVINGSTON
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
Associate Justices.