45 So.2d 771
In re OPINION OF THE JUSTICES.
No. 110.

Supreme Court of Alabama.
April 19, 1950.

---

1. Ante, p. 211.

548

The Honorable Chief Justice and
Associate Justices of the
Supreme Court of Alabama
Montgomery, Alabama.
Gentlemen: ·

The governing bodies of several counties in the state contemplate conducting special tax elections in the early future under the constitutional amendment proposed by Act No. 357 adopted at the 1947 Regular Session of the Legislature (General Acts, 1947, p. 241), which was ratified by the qualified electors of the state on November 2, 1948, and proclaimed a valid amendment to the Constitution of Alabama by proclamation made by me as Governor on November 15, 1948. In each of those counties it is contemplated that the question on the ballot will be couched in the terms of the amendment, viz.:

"Shall the County of ———— be authorized to levy annually, in addition to all other taxes authorized by law, a special county tax, not exceeding four mills on each dollar of taxable property in the county, to be used solely for acquiring by purchase, lease, or otherwise, constructing, operating, equipping or maintaining county hospitals, or other public hospitals, non-profit hospitals and public health facilities?";

and that the governing body will, in the event the tax is authorized by the electors of the county, thereupon (at the first session of the governing body following the election) levy the tax beginning with the tax year ending September 30, 1950 (the first collection of the tax thus becoming due on October 1, 1950). In one county (Perry) such an election was held on March 21, 1950 at which the tax was authorized, and the governing body of that county contemplates levying the tax for the tax year ending September 30, 1950.

The question has been raised whether the county governing body (which in these circumstances will necessarily make the levy after February, 1950) will have the power to make the levy for the year ending September 30, 1950. In order for the State Board of Health to complete its master hospital plan upon which will be based the allocation of both state and federal funds to the several county hospital construction projects over the state, and in order for the governing bodies of the counties in which such elections are held to complete the plans for their hospital programs, it is vitally necessary that determination be had of the power of such governing bodies to make the aforesaid contemplated levies.

Pursuant to the provisions of Title 13, Section 34, of the Code of Alabama of 1940, I respectfully ask your opinion on the following important constitutional questions respecting the interpretation of said constitutional amendment:

1. The said amendment contains a provision that the governing body of any county in which the special tax provided for in said amendment is duly authorized at an election held thereunder "must" levy said special tax. Is that provision subject to qualification or restriction, as to the time when the levy shall be made, by existing legislation?

2. If the special tax provided for in said amendment is duly authorized by the voters at an election held in a county under said amendment subsequent to February, 1950, and during the tax year ending September

30, 1950, at which election the question on the ballot is submitted in the terms of said amendment, as set forth above, will the governing body of the county have the power, following the election and during the tax year ending September 30, 1950, to levy the special tax for said tax year?

Respectfully submitted,
/s/ James E. Folsom
James E. Folsom,
Governor.

JEF:A
Hon. James E. Folsom
Governor of Alabama
Executive Department
C A P I T O L
Montgomery, Alabama

Dear Sir:

In response to the attached inquiry by you, you are advised: (1) Said amendment was interpreted by the Justices of the Court In re Opinion of the Justices, 252 Ala. 194, 41 So.2d 559, 562, wherein it was said:

" * * * By the adoption of this amendment, the electorate of the state has set up a vehicle by which the electorate of the several counties falling within the purview of the amendment may tax themselves for the purpose of acquiring and maintaining *county* hospitals and *public health facilities* as a county institution. This much is clear. But just what the framers of the proposed amendment had in mind by the use of the words and phrases *'or other public hospitals, non-profit hospitals'* is not entirely clear to us. However, we believe we are on safe ground in holding that said phrases were added to emphasize that such county institutions, so acquired, were not to be operated for profit and should be maintained by the tax levied under the amendment.

"The amendment became effective on November 15, 1948, in so far as it authorized the governing body of the county to call an election under the referendum provisions of the amendment and is mandatory for the calling of such election on receipt of a petition signed by not less than five percent of the qualified electors of the county 'requesting that the election be called.' It is also clear that the amendment is mandatory in respect to levying the tax, when authorized by the electorate of the county, the language of the amendment being, 'if the tax is authorized by vote of a majority of the qualified electors of the county who participate in any election called for that purpose, the governing body * * * *must* levy and collect, in addition to all other taxes authorized by law, a special county tax, not exceeding four mills on each dollar of taxable property in the county, * * *.' * * *

"The amendment creates a trust fund for the purpose of acquiring and maintaining county hospitals and health facilities in connection therewith and the tax once levied is to be continued so long as the needs for such health facilities and hospitalization exist and are maintained by the county."

There is nothing in said amendment or in any other provision of the Constitution of 1901 or in the Constitution of the United States to prevent the levy of said tax by the people affected under the machinery set up by the amendment at any time during the current tax year ending September 30, 1950. See Maguire v. Board of Revenue and Road Commissioners of Mobile County, 71 Ala. 401; In re Opinion of the Justices, 234 Ala. 358, 175 So. 690; 51 Am.Jur. § 661, pp. 623,'624.

(2) If there is any qualification it is that each tax year must carry its own burden. See authorities cited.

Respectfully submitted,
BROWN,
FOSTER,
LIVINGSTON,
LAWSON,
SIMPSON,
STAKELY,
Associate Justices.