54 So.2d 489

## BARBOUR COUNTY HOSPITAL ASS'N v. HUDSON et al.

### 4 Div. 657.

Supreme Court of Alabama.

Oct. 11, 1951.

Chauncey Sparks, Eufaula, for appellant.

Crews Johnston, Clayton, and Lawrence K. Andrews, Union Springs, for appellees.

FOSTER, Justice.

Appellant intervened in the circuit court, in equity, after the final decree, by permission of that court. Equity Rule 37, Title 7, Appendix, Code; Ex parte Ide, 228 Ala. 452, 153 So. 887; Brown v. Olsson, 252 Ala. 670, 42 So.2d 619. No question is here raised as to this method of presenting the final decree to this Court for review.

The bill of complaint, upon which the decree was rendered without contest, was by certain taxpayers of Barbour County, and directed against the board of revenue of that county as such and the individual members thereof, and also against the tax assessor and tax collector of the county by name, and sought to enjoin them, respectively, from levying, assessing and collecting a special tax therein referred to. The bill alleges that the board of revenue, by authority of General Act No. 211, regular session of the Legislature of 1945, General Acts 1945, page 330, Code 1940, Tit. 22, § 204(3) et seq., established a hospital association for said county (this appellant), which entered into and took up its lawful duties and authorities as such. That a special election was called in pursuance with Amendment No. LXXII to the Constitution, authorized by Act No. 357, General Acts, 1947, Regular Session, page 241, which was held on September 12, 1950, at which a majority of the voters participating voted in favor of a proposition submitted to them under that Act, authorizing Barbour County to levy annually a special county tax to be used solely for acquiring by an alternative method specified and maintaining county hospitals, nonprofit hospitals, said tax to be at the rate of four mills on each dollar of taxable property for a period of twelve years, commencing with the tax year beginning October 1, 1950, to and including the tax year beginning October 1, 1961, and two mills thereafter. That on October 3, 1950, the board of revenue adopted a resolution levying the tax as authorized by the election. That the Alabama State Board of Health in pursuance with the provisions of said Act No. 211, supra, adopted a "master hospital plan" for the State, under which there was proposed to be constructed and equipped in Barbour County:

| | | |
|---|---|---|
| 1. A forty-six bed hospital in Eufaula, estimated cost | $ | 800,000.00 |
| 2. A twelve bed clinic in Clayton, estimated cost | | 275,000.00 |
| 3. A six bed clinic in Louisville, estimated cost | | 75,000.00 |
| | | $1,150,000.00. |

That the hospital association made application to enter into a co-operative contract with the State Board of Health for the construction and equipment of said facilities at said estimated cost, and included a six bed clinic in Clio at a cost of $75,000, making in all $1,225,000.

The bill alleges that the assessed value of property in Barbour County for the year beginning October 1, 1949, was $8,433,720, and a like sum will probably represent its value for the tax year beginning October 1, 1950. That no other funds are available for said structures, except one-sixth of the cost to be paid by the State; that the funds presently available when added to the funds contemplated by the special tax, the accomplishment would be so far in the future as to render its attainment indefinite and uncertain; that such levy, assessment and collection are illegal for the reason that it will not produce any benefit to the taxpayers, in that its purpose is incapable of attainment; and that its purpose is either impossible of accomplishment or so far in the future as to render the accomplishment uncertain and/or impracticable. There was a decree pro confesso against all the respondents. The matters of fact alleged in the bill were proven.

That means, as explained in briefs, that based on the current assessed values in Barbour County, the tax is estimated to yield for the twelve year period $404,815.56. It is also explained that the contribution by the State of one-sixth of the total cost would be $191,666.66. It is claimed that these figures show on their face that the tax is incapable of ever producing the purpose for which it is levied, or postponed so far in the future as to render its attainment indefinite and uncertain. No other question is argued in brief as to the right of the taxpayers to enjoin the collection of the tax.

It is not claimed that the constitutional amendment providing for the tax was not complied with in every respect in such way as to support the same, or that its levy and collection are invalid for any reason other than as stated above.

There was no contest made by the respondents in the circuit court. That court rendered a final decree enjoining the levy, assessment and collection of the tax. The hospital association was granted the right to intervene, as we have stated, and has presented this appeal.

Act No. 211, supra, authorizes the State Board of Health to set up a "master hospital plan" and divide the State into regions, districts and zones. The board is designated as the sole and official agency of the State to receive and administer any and all funds for constructing, etc., public hospitals, and may receive donations for that purpose. It also provides for hospital associations, such as appellant, to co-operate with the State Board of Health for constructing, etc., a hospital and to enter into a co-operative contract with the State Board of Health, and to act as its agent in carrying out the project.

The two acts do not in terms refer to each other, No. 211, supra, and constitutional amendment No. LXXII, supra. But of course they are not wholly separated in their observance. The amendment makes it mandatory upon the governing body of a county, when a favorable election has resulted in accordance with it, to levy and collect the special tax so authorized, in addition to all other taxes "to be used solely for acquiring (etc.) county hospitals, or other public hospitals, non profit-hospitals and public health facilities." It does not set up any machinery to be pursued to accomplish the purpose. That amendment went into the Constitution as proclaimed November 15, 1948. In re Opinion of Justices, 252 Ala. 194, 41 So.2d 559; In re Opinion of Justices, 253 Ala. 547, 45 So.2d 771.

■ The hospital association, as authorized by Act No. 211 approved July 7, 1945, has powers conferred upon it which are broad enough to administer the tax authorized by the amendment which later came into being. The latter does not limit the use of the revenue to any agency, though provision had then been made by Act No. 211, as we have indicated.

■ The effect of the contention made by appellees, as complainants in equity, is that the proposal by the hospital associa-

tion and the State Board of Health in respect to the use of such revenue is contrary to the rights of the taxpayers, virtually taking their property without due process, though that theory is not urged. But levying the tax pursuant to the amendment and its proper use are two distinct transactions in so far as the same affects their legality. The resolution of the board of revenue in the call for the election did not refer to the particular disposition to be made of the revenue from the tax, other than to set out substantially the provisions of the amendment as to its use. The notice of the election and tax levy made after the election had the same feature as to the use of the money. None of them referred to the proposal known as the "master hospital plan," which was authorized by Act No. 211, supra. But the Act was then effective, and its provisions operated upon this revenue when collected.

The injunction sought, and which was granted, was against the levy and collection of the tax, not against the use to be made of the revenue as proposed by the association. The association was not even made a party to the suit by the complainants, emphasizing the fact that it is not sought to stop the use to be made of the revenue, but to stop the collection of the revenue because of its proposed use. We have held that a local act levying a county tax for hospital purposes may be valid to that extent, but void to the extent that it authorizes the issuance of securities without an election required by section 104(17), Constitution of 1901, and providing for the payment of those securities out of revenue so received. But it was also provided in that case that the revenue shall be used exclusively for the establishment, maintenance and operation of a public hospital. We thought the revenue would accumulate until it could be used for the declared purpose. Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487.

We see no reason to deny application of that principle here, not at all considering the contention that the contemplated use of the revenue violates complainants' rights. If so, the county board of revenue or hospital association could,

under the amendment which authorized it, take other steps to comply with its requirements.

We have not treated the question of whether the court had jurisdiction to enjoin the collection of the tax if it were illegal on any account. 18 Alabama Digest, Taxation, § 608, page 359; Oates v. Whitehead, 173 Ala. 209, 55 So. 803.

It results that the decree of the circuit court in equity is reversed and one is here rendered denying relief to appellees as complainants in that court, and dismissing the bill.

Reversed and rendered.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.