324 So.2d 788

**In re the B. F. GOODRICH CO.**

**v.**

**William Travis BUTLER.**

**Ex parte the B. F. Goodrich Co.**

**SC 1340.**

Supreme Court of Alabama.

Nov. 20, 1975.

Rehearing Denied Jan. 2, 1976.

M. T. Ormond, Tuscaloosa, for petitioner.

Edward F. Morgan, Tuscaloosa, for respondent.

John H. Morrow and Michael H. Mobbs, Birmingham, amicus curiae in support of petition for United States Pipe and Foundry Co. and Stockham Valves and Fittings, Inc.

Thomas, Taliaferro, Forman, Burr & Murray and Robert G. Tate and A. Brand Walton, Jr., Birmingham, amicus curiae in support of petition for Associated Industries of Alabama.

Burns, Shumaker & Davis and Otis J. Goodwyn, Jr., Gadsden, amicus curiae, opposed to petition for Alabama Labor Council AFL–CIO.

William J. Baxley, Atty. Gen., and James S. Ward, Asst. Atty. Gen., amicus curiae, opposed to petition for the State.

PER CURIAM.

The writ to the Court of Civil Appeals, 56 Ala.App. 635, 324 So.2d 776 is quashed as improvidently granted. By so doing we are not to be understood as expressing any opinion on the constitutionality of Act No. 1062 as that question was not properly presented to the trial court.

Writ quashed as improvidently granted.

MERRILL, ALMON and SHORES, JJ., concur.

MADDOX and JONES, JJ., concur specially.

MADDOX, Justice (concurring specially.)

I would affirm the judgment of the Court of Civil Appeals. While the Court of Civil Appeals did make certain "observations" that Act No. 1062 was not unconstitutional because the bill which passed the Legislature was not exactly like the one signed by the Governor, the actual holding of that court was that the constitutional question had not been properly presented. The Court of Civil Appeals did discuss the constitutional question, nevertheless, and I believe that court made a correct "observation"—that Act No. 1062 was not void in its entirety because of the

variance. Justice Clopton, in *Stein v. Leeper,* 78 Ala. 517 (1885), set out the rule to follow in such matters:

"On what principles shall it be determined, whether the change in the bill, as approved, materially varies in substance and legal effect of the bill as passed by the General Assembly? A safe and practical rule is the one on which the courts adjudge a statute unconstitutional in toto or in part. Speaking of statutes containing some unconstitutional provisions, Judge Cooley says: 'A statute may contain some such provisions, and yet the same act, having received the sanction of all branches of the legislature, and being in the form of a law, may contain other and salutary provisions, not obnoxious to any just constitutional exception. It would be inconsistent with all just principles of constitutional law to adjudge these enactments void, because they are associated in the same act, but not connected with, or dependent on, others which are unconstitutional.' The learned author thus states the test: 'If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained.' And the same rule is applied to a statute, some parts of which may not have been passed in accordance with the constitutional forms, where he says: 'So, the forms observed in passing it may be sufficient for some of the purposes sought to be accomplished by it, but insufficient for others. In any such case, the portion which conflicts with the constitution, or in regard to which the necessary conditions have not been observed, must be treated as a nullity.' "

By quashing the writ rather than affirming the Court of Civil Appeals, the majority has failed to give final review of a new

statute which will affect the rights of many employers and employees alike. That is why I would affirm the case rather than quash the writ.

JONES, J., concurs.