WRIGHT, Presiding Judge.
This is an appeal of a summary judgment.
The Gadsden Civil Service Board was established by 1931 Ala.Acts 596, as codified at Tit. 62, §§ 391-415 Code of Alabama (1940) (Recomp.1958).[1] Subsequent amendment, 1951 Ala.Acts 671, codified at Appendix § 1203, Code of Alabama (1940) (Re-comp.1958), created a six-month probationary period for all covered employees, stating in pertinent part: “All appointments [of policemen] shall be on probation for a period of six months from the date of appointment.” 1951 Ala.Acts 671, § 9. At a meeting of the Gadsden Civil Service Board on June 7, 1976, a rule was adopted extending the probationary period of six months to a period of one year.
On December 20, 1982, Rodger D. Phillips, a Gadsden police officer since May 28, 1982, was notified in a letter from the chief of police that he was being discharged for poor police procedure, and that the Civil Service Board (Board) would meet that day to decide whether to consent thereto. Phillips, with his attorney, appeared at the meeting of the Board that evening. After presentations from the chief, counsel for Phillips and others, the Board, on December 28, 1982, gave its consent to the discharge.
*751 Phillips appealed to the Circuit Court of Etowah County for trial de novo under Act 671, § 13. The court granted his motion for summary judgment, finding that he was no longer a probationary employee, that his dismissal did not meet the procedural requirements of Act 671, § 12, for removal of a non-probationary employee, and that the dismissal was, therefore, invalid. The court ordered Phillips reinstated with back pay and benefits. The Board appeals.
The Board contends that the six-month probationary period set by Act 671, § 9 was implicitly amended by enactment of § 36-21-46(a)(3), Code of 1975. Section 36-21-46(a)(3) is a part of the Peace Officers Standards and Training Commission Act passed by the legislature in 1973. Among other things, that act established minimum standards for appointment of any new peace officer in the state. Section 36-21-46(a)(3) provides in summary that prior to appointment, an applicant shall have completed at least 240 hours of formal police training in a recognized police training school. However, an applicant may be provisionally appointed without having completed such training, subject to the condition that he shall complete it within nine months after the appointment; should he fail to complete the training, his appointment shall be null and void.
It appears clear to this court that there is no conflict between § 9 or § 12 of the Gadsden Civil Service Act — Act 671— and § 36-21-46(a)(3). Section 9 provides for a probationary appointment of six months during which time the officer or fireman may be discharged by his chief with consent of the Board merely by assigning his reason in writing to the Board. If he is not so discharged within six months, his appointment is deemed complete. Under § 12 he thereafter may be discharged only with cause upon written charges duly served upon him at least five days before a public hearing before the Board, where he shall be given opportunity to face his accusers and be heard in his own defense.
Section 36-21-46 relates to qualification for an appointment as a law enforcement officer. No appointment (probationary or otherwise) may be made to any police department except subject to § 36-21-46(a)(3). On the other hand, an appointee as a Gadsden police officer qualified under § 36-21-46(a)(3) is still probationary for six months after appointment. It follows that an appointee, because subject to § 36-21-46(a)(3), though completing his probationary period under the civil service act, remains provisional for nine months or until he completes the required training. Though he is not probational, he is provisional. If he does not qualify within nine months of his appointment, his appointment becomes null and void by operation of law. § 36-21-46(a)(3). Thus the statutes complement but do not conflict. Each has its own field of operation and should be so construed. B.F. Goodrich Co. v. Butler, 56 Ala.App. 635, 324 So.2d 776, cert. quashed, 295 Ala. 401, 324 So.2d 788 (1975).
The submission by the Board that it extended the period of probation from six months to one year to ensure that an appointee could get his required training under § 36-21-46(a)(3) before his appointment became complete is of no import. Frankly, we fail to see the efficacy of such effort. If he failed to get his training within nine months, he was out in any event.
The Board further contends that the six-month period for probation in Act 671 is a minimum which it may extend in the reasonable exercise of its rule-making authority. The contention is untenable. The rule-making authority of the Board extends only to the carrying out of the purpose of the act as it is written. Act 671, § 6. Ex parte City of Florence, 417 So.2d 191 (Ala.1982). The provision as to the probation period is specific in the act. It may not be changed by administrative rule. Jefferson County Board of Education v. Alabama Board of Cosmetology, 380 So.2d 913 (Ala.Civ.App.1980).
*752 We say there was no waiver of right to the statutory notice provided by Act 671, § 12, even though Phillips was given a letter of dismissal by the chief of police and appeared with counsel before the Board. We say it because the letter and appearance before the Board were under authority of § 9, not § 12. The discharge was by the chief under § 9. The Board did not discharge as required in the case of nonprobational policeman by § 12. It merely consented to the action of the chief of police. There has been no discharge of Phillips by the Board as required by the statute.
Therefore the circuit court correctly held that the dismissal of Phillips was contrary to law. It was invalid for lack of statutory due process and must be set aside.
However, we find error in the judgment of the court restoring Phillips to active duty as a policeman of the City of Gadsden with all back pay and benefits, from the date of his dismissal. It remains to be determined if his dismissal would have been justified if proper procedure had been granted. It must follow that if discharge is determined justified by the Board after extending proper procedural due process, Phillips has suffered no injury from such discharge. Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Wilson v. Taylor, 658 F.2d 1021 (5th Cir. 1981). On the other hand, if after proper predetermination procedure, his discharge is found not justified, Phillips, in the absence of some intervening circumstances, would be due to be reinstated with all pay and benefits. It perhaps might be of interest to call attention again to the limitations of appointment imposed by § 36-21-46(a)(3). We find nothing in the record to indicate whether Phillips had, prior to his dismissal, completed the required training school. However, the proposition is not before us.
It is the judgment of this court that the determination of the trial court that Phillips was denied statutory due process, and his dismissal was thereby invalid is affirmed. The judgment of the trial court ordering reinstatement with all back pay and benefits is reversed and set aside. The circuit court is directed to order the Gadsden Civil Service Board to require the Chief of Police of the City of Gadsden, or any other accuser of Rodger D. Phillips, to immediately file with the Board written charges or complaint against him, if deemed warranted, serving upon him a copy thereof; and the Board will thereafter proceed to investigate such charges, hold hearing thereon and render a decision, all as required by Acts of Alabama 671, § 12 (1951). If such charges are not filed, heard and decision rendered, all within a reasonable time, Phillips shall be thereafter restored to duty as may be required by the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.

. See generally, § 1-1-10, Code of Alabama 1975.