HARRIS, Judge.
Appellant, Ronald Lee Kerr, was indicted by the Etowah County Grand Jury for trafficking in cannabis in violation of Section 20-2-80, Code of Alabama 1975 (1980 Cumulative Supplement). On June 9,1983, he was convicted of the offense, and was sentenced to three years’ imprisonment in the state penitentiary and fined $25,000.
On September 26, 1980, Alabama State Trooper Sanders Roberts stopped appellant, who was carrying a passenger in his car, for speeding on Interstate Highway 59 in Etowah County, Alabama. While talking with appellant, Roberts noticed the smell of marijuana. He looked inside appellant’s car and saw a partially burned marijuana cigarette with a clip attached to it and an open tobacco pouch containing a substance which appeared to be marijuana.
Roberts called for assistance and Trooper David Duke, a narcotics investigator, arrived shortly thereafter. Duke searched the interior of the car and found cigarette rolling papers in the glove compartment. Although he found no additional marijuana, he detected a strong smell of unburned marijuana. Based on his experience and training Duke deemed the smell to be too strong to have been produced by the small amount of marijuana which had already been found. Therefore, he removed the keys from the ignition and opened the trunk. He removed sporting equipment and other items until he found a duffel bag. He unlatched the bag and turned it upside down. He found what later laboratory analysis confirmed to be seven one-pound bags of marijuana, a shoe box con *144 taining hashish and a mason jar containing liquid hashish extract. Duke testified at trial that in his opinion the drugs in appellant’s car were worth $25,000.
Appellant contends on appeal that the trial court erred to reversal in failing to charge the jury on the lesser included offense of unlawful possession of marijuana.
We find it unnecessary to address the issue of whether possession of marijuana is a lesser included offense of trafficking in cannabis, for in Beasley v. State, 408 So.2d 173, 179 (Ala.Crim.App.1981), cert. denied, 408 So.2d 180 (Ala.1982), we held the following: "... Section 20-2-80 supersedes the application of Section 20-2-70 when the offender possesses in excess of 2.2 pounds of marijuana, whether for personal use or for sale, and whether for the first time or as a repeat offender. We find that the legislature did not intend to completely repeal Section 20-2-70. Rather, its application is now limited to offenders who possess 2.2 pounds of marijuana or less.”
Appellant was found in possession of more than 2.2 pounds of marijuana, and under the facts of this case was properly charged and convicted under Section 20-2-80. An accused is not entitled to have the jury charged on a lesser included offense unless there is a reasonable theory from the evidence to support the lesser offense. Hollins v. State, 415 So.2d 1249 (Ala.Crim.App.1982); Myers v. State, 401 So.2d 288 (Ala.Crim.App.1981).
Next appellant argues that Section 20-2-80, Code of Alabama 1975 (1980 Cumulative Supplement), is unconstitutionally vague and overbroad.
Because First Amendment rights are not implicated in the conduct proscribed by this statute the overbreadth doctrine is inapplicable. McCrary v. State, 429 So.2d 1121 (Ala.Crim.App.1982) (and cases cited therein).
The void-for-vagueness doctrine, however, protects against legislation providing insufficient warning of what conduct is unlawful. E.g., Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). The doctrine was stated by the United States Supreme Court in Kolender v. Lawson, 461 U.S. 352, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983), as follows: “... the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.” (Citations omitted.) The Court in Kolender, supra, further opined that the most important aspect of the void-for-vagueness doctrine is “not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement,” quoting Smith v. Goguen, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). These minimal guidelines should be provided in order to avoid “a standardless sweep [that] allows policemen, prosecutors and juries to pursue their personal predilections.” Smith, supra, at 575, 94 S.Ct. at 1248.
We find Section 20-2-80, Code of Alabama 1975 (1980 Cumulative Supplement), to be very specific and clear in making possession of more than 2.2 pounds of marijuana unlawful. It both warns ordinary people of the specific conduct which is prohibited and provides specific guidelines for enforcement of the statute. Moreover, in Village of Hoffman Estates, supra, 455 U.S. at 495, 102 S.Ct. at 1191, the court held “[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.” Hence, we find it unnecessary to analyze other prohibitions under the statute which are complained of by appellant.
We find no merit in appellant’s argument that the body of the statute does not comport with its title. The constitutional mandate that laws are to be restricted to one subject clearly expressed in its title is not to be so exactingly or hypercritically enforced as to cripple legislation but *145 is to be accorded liberal interpretation. Dickerson v. State, 414 So.2d 998 (Ala. Crim.App.1982); B.F. Goodrich Company v. Butler, 56 Ala.App. 635, 324 So.2d 776, cert. denied, 295 Ala. 401, 324 So.2d 788 (1975). The fact that a criminal statute creates a presumption from certain facts does not render the statute unconstitutional. Clearly, there is a rational connection between the fact proved (possession of more than 2.2 pounds of marijuana) and the fact presumed (intent to sell marijuana). We therefore hold that the title of the act in question is a fair expression of the single subject encompassed therein.
Lastly, appellant contends that the discovery of a small quantity of marijuana in the passenger compartment of his car and the strong smell of unburned marijuana emanating from the car after the removal of the small quantity did not provide probable cause for the police officer to search the trunk of his car.
This issue was addressed in Sterling v. State, 421 So.2d 1375, 1381 (Ala.Crim.App.1982), wherein we held that “[ojnce evidence of marijuana is lawfully observed by a police officer in any part of the automobile, the entire vehicle, including the trunk may be searched.”
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.