MONTIEL, Judge.
The appellant was convicted of unlawfully possessing a shotgun with a barrel of *638 less than 18 inches in length, in violation of § 13A-11-63, Code of Alabama 1975. He was sentenced to five years in prison. The appellant raises four issues on appeal.
I
The appellant first contends that § 13A-11-63 is unconstitutionally vague. He contends that § 13A-11-63 fails to define what constitutes a short-barreled shotgun and that the definition of short-barreled shotgun found in § 13A-ll-62(5) is arbitrary and capricious. He apparently arguos that the use of the conjunctive conjunction “and” in § 13A-ll-62(5) requires, in a prosecution for possession of a short-barreled shotgun, that the State prove both that the barrel is less than 18 inches in length and that the overall length of the weapon is less than 26 inches. We disagree.
Section 31A-ll-63(a) states that “[a] person who possesses, obtains, receives, sells or uses a short-barreled shotgun is guilty of a Class C felony.” This statute is found in Title 13A, Chapter 11, Division 1A, which proscribes offenses involving shotguns and rifles. Section 13A-11-62 is also found in Division 1A and defines the terms used in that division. Section 13A-ll-62(5) defines a “short-barreled shotgun” as “[a] shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than 26 inches.”
“The void-for-vagueness doctrine ... protects against legislation providing insufficient warning of what conduct is unlawful.” Kerr v. State, 474 So.2d 142, 144 (Ala.Crim.App.1984), rev’d on other grounds, 474 So.2d 145 (Ala.1985). “The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.” Id. (quoting Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)). We find that the statute at issue here warns ordinary people of the prohibited conduct and provides specific guidelines for enforcement of the statute. Thus, it is not unconstitutionally vague.
We further find that the statute clearly prohibits both the possession of a shotgun having one or more barrels less than 18 inches in length and any other weapon made from a shotgun, if, as modified, the overall length of the weapon is less than 26 inches. We disagree with the appellant’s contention that the shotgun must have a barrel less than 18 inches long and an overall length of less than 26 inches. See generally Hoyett v. State, 441 So.2d 1063 (Ala.Crim.App.1983) (although addressing other issues, this court stated that § 13A-11-62 defines a short-barreled shotgun as a shotgun with a barrel which is less than 18 inches long).
“It is familiar law in the interpretation of statutes, constitutional amendments and other writings, that the intent of such writing is the substance, and the verbiage is mere form, and courts are at liberty in ascertaining the intent to hold that the disjunctive conjunction ‘or’ and the conjunctive conjunction ‘and,’ sometimes carelessly used, are interchangeable, to discover the intent of the writing.”
Opinion of the Justices, 252 Ala. 194, 198, 41 So.2d 559 (1949). See also State v. Steel City Crane Rental, Inc., 345 So.2d 1371 (Ala.Civ.App.1977). We find that the legislature clearly intended to prohibit the possession of two categories of shotguns and did not contemplate the interpretation advanced by the appellant.
II
The appellant next contends that his prosecution for possession of a short-barreled shotgun violated the prohibition against double jeopardy. He contends that his prior murder prosecution and resulting conviction for the lesser included offense of manslaughter barred this prosecution, because during the prior trial the State proved that the appellant used the short- *639 barreled shotgun that was the subject of this prosecution.
In order to determine whether a subsequent prosecution is barred by the Double Jeopardy Clause, we must first apply the test set out in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1931). Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). “If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease and the subsequent prosecution is barred. Brown [v. Ohio, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)].” Id., 495 U.S. at 516, 110 S.Ct. at 2090. (footnotes omitted). We find that the appellant’s prosecution for possession of a short-barreled shotgun was not barred by the Blockburger test.
Once a subsequent prosecution survives the Blockburger test, this court must then apply the test set out in Grady. According to Grady, “[t]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an ‘actual evidence’ or ‘same evidence’ test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct.” Grady v. Corbin, 495 U.S. at 521, 110 S.Ct. at 2093. (Footnotes omitted).
We have carefully reviewed the record of the appellant’s murder trial[1] and the record on appeal in this case, and we conclude that the appellant’s prosecution for possession of a short-barreled shotgun did not violate the mandates of Grady and the prohibition against double jeopardy. A review of the conduct sought to be prosecuted establishes that the conduct sought to be proven in each prosecution was very different. The State did not prove conduct for which the appellant was already prosecuted in order to establish an essential element of this prosecution.
III
The appellant contends that his prosecution for possession of a short-barreled shotgun was the result of prosecutorial vindictiveness and, thus, that the trial court erred in denying his motion to quash the indictment. We find that the appellant’s claim is not supported by the record. See generally Dumas v. State, 369 So.2d 317 (Ala.Crim.App.1979) (facts asserted in brief that cannot be ascertained from the record cannot be reviewed).
IV
The appellant next contends that the trial court erred in admitting the short-barreled shotgun he was charged with possessing into evidence because, he argues, the State failed to prove a proper chain of custody. We agree. The record reveals that the only testimony concerning the chain of custody presented by the State was the testimony of Corporal D.H. Carmichael that the appellant had admitted to obtaining and using the shotgun[2] and that the shotgun was in substantially the same condition as it was at the time of the appellant’s prior murder trial. There was absolutely no testimony concerning the chain of custody of the shotgun from the time it was seized from the appellant to the time of the appellant’s murder trial.
“The chain of custody is composed of ‘links.’ A ‘link’ is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link’s possession of the item: ‘(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e., transfer, destruction or retention; and (3) [the] safe *640 guarding and handling of the item between receipt and disposition.’ Imwink-lereid, The Identification of Original, Real Evidence, 61 Mil.L.Rev. 145, 159 (1973).
“If the State, or any other proponent of demonstrative evidence fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a ‘missing’ link, and the item is inadmissible. If, however, the State has shown each link, but has done so with circumstantial evidence, as opposed to the direct testimony of the ‘link,’ as to one or more criteria or as to one or more links, the result is a ‘weak’ link. When the link is ‘weak,’ a question of credibility and weight is presented, not one of admissibility.”
Ex parte Holton, 590 So.2d 918, 920 (Ala.1991).
“ ‘It will be readily apparent that when real evidence is offered an adequate foundation for admission will require testimony first that the object if the object which was involved in the incident, and further that the condition of the object is substantially unchanged. If the offered item possesses characteristics which are fairly unique and readily identifiable, and if the substance of which the item is composed is relatively impervious to change, the trial court is viewed as having broad discretion to admit merely on the basis of testimony that the item is the one in question and is in a substantially unchanged condition.’ McCormick on Evidence, § 212 at 667 (E. Cleary 3d ed. 1984) (emphasis in original).”
Pardue v. State, 571 So.2d 320, 329 (Ala.Crim.App.1989), rev’d on other grounds, Ex parte. Pardue, 571 So.2d 333 (Ala.1990). Here, the State failed to prove that the shotgun the appellant was charged with possessing was the one which was introduced at trial since there was no testimony about the chain of custody prior to the appellant’s first trial. No one testified that the gun was in the same condition as it was when it was seized from the appellant. Compare Ex parte Jones, 592 So.2d 210 (Ala.1991) (wherein an eyewitness to the offense identified the challenged gun as the gun used in the commission of the offense and there was testimony concerning the seizure of the gun).
The State failed to prove each link in the chain of custody from the time the shotgun was seized from the appellant until it was admitted into evidence at trial. Thus, there are missing links in the chain of custody. For this reason, the appellant’s conviction is due to be reversed and the case remanded.
REVERSED AND REMANDED.
All the Judges concur.

. An appeal of the appellant’s manslaughter conviction is also currently before this court.

. We note that we have reviewed the record of the appellant's murder trial and it does not appear that the appellant admitted using the shotgun that was admitted into evidence at that trial. Furthermore, the appellant also argued that the State failed to prove a proper chain of custody at that trial.