FRY, Judge,
concurring specially.
I must join in the majority’s unpublished memorandum because it correctly applies the law, as set forth in Ex parte B.B.S., 647 So.2d 709 (Ala.1994), to the facts of this case. I write, however, to encourage our Supreme Court to revisit its interpretation of the legislative intent of § 15-25-32, Ala.Code 1975, in Ex parte B.B.S., supra.
As the unpublished memorandum states:
“Section 15-25-31, Ala.Code 1975, part of the Child Physical and Sexual Abuse Victim Protection Act, provides that a child’s out-of-court statements concerning an act that is a material element of a crime involving physical or sexual abuse of the child, which would otherwise be inadmissible, can be admitted into evidence if the requirements of § 15-25-32, Ala.Code 1975, are met.
“Section 15-25-32 states:
“ ‘An out-of-court.statement may be admitted as provided in Section 15-25-31, if:
“ ‘(1) The child testifies at the proceeding, or testifies by means of video tape deposition as provided by Section 15-25-2, or testifies by means of closed circuit television as is provided in Section 15-25-3, and at the time of such testimony is subject to cross-examination about the out-of-court statements; or “ ‘(2)a. The child is found by the court to be unavailable to testify on any of these grounds:
“‘1. The child’s death;
“ ‘2. The court finds that there are reasonable grounds to believe that the defendant or someone acting on behalf of the defendant has intentionally removed the child from the jurisdiction of the court;
“ ‘3. The child’s total failure of memory;
“ ‘4. The child’s physical or mental disability;
*479 “ ‘5. The child’s incompetency, including the child’s inability to communicate about the offense because of fear or a similar reason; or
“ ‘6. Substantial likelihood that the child would suffer severe emotional trauma from testifying at the proceeding or by means of closed circuit television; and
“ ‘b. The child’s out-of-court statement is shown to the reasonable satisfaction of the court to possess particularized guarantees of trustworthiness.’
“In R.D. v. State, 706 So.2d 770 (Ala.Cr.App.1997), this court noted that despite the fact that the ‘trustworthiness requirement’ of § 15-25-32 would on the face of the statute appear to apply only where the child has not testified at trial, the Alabama Supreme Court, in Ex parte B.B.S., 647 So.2d 709 (Ala.1994), effectively ‘ “corrected” the statute to reflect what it believed the legislature intended, which is to impose the “trustworthiness requirement” on all hearsay statements admitted pursuant to the Act.’ R.D., 706 So.2d at 786. This court went on to note that ‘[t]he legislature, to date, has not amended the statute to reflect what the Supreme Court believes it intended.’ Id. As of this date, the legislature still has not amended the statute.”
(Emphasis added.)
I was involved in drafting the legislation that ultimately became the Child Physical and Sexual Abuse Victim Protection Act. It is my view that beginning with Ex parte B.B.S. the law in Alabama has taken a path not intended by the Legislature and not mandated by § 15-25-32. The Supreme Court’s interpretation of what the Legislature intended in enacting § 15-25-32, Ala.Code 1975, places an additional requirement on the admission of an out-of-court statement that the Legislature did not intend. I believe that the use of the disjunctive conjunction “or” between subparagraphs (1) and (2) in § 15-25-32 requires paragraph (1) to be read independently of subparagraph (2). Moreover, sub-subparagraph b. is connected to sub-subparagraph (2)a. by the conjunctive conjunction “and.” Therefore, sub-subparagraph b. should be read as part of subparagraph (2), and the “trustworthiness requirement” should be imposed only as to those grounds listed in sub-subparagraph (2)a. Furthermore, as noted in R.D. v. State, 706 So.2d 770 (Ala.Cr.App.1997), the Legislature has still not amended the statute to correspond to the Supreme Court’s interpretation.
I acknowledge that
“ ‘[i]t is familiar law in the interpretation of statutes, constitutional amendments and other writings, that the intent of such writing is the substance, and the verbiage is mere form, and courts are at liberty in ascertaining the intent to hold that the disjunctive conjunction “or” and the conjunctive conjunction “and,” sometimes carelessly used, are interchangeable, to discover the intent of the writing.’ ”
Wright v. State, 599 So.2d 637, 638 (Ala.Cr.App.1992), quoting Opinion of the Justices, 252 Ala. 194, 198, 41 So.2d 559 (1949). However, I believe that the Legislature used the disjunctive conjunction “or” in § 15-25-32 to distinguish subsection (1) and subsection (2). I further believe that the drafters, by inserting the conjunctive conjunction “and” at the end of subsection (2), intended sub-subparagraph b. to be read as going along with subparagraph (2).
I respectfully request the Supreme Court to revisit its conclusion in Ex parte B.B.S. and its interpretation of the Legislature’s intent in enacting § 15-25-32, Ala. Code 1975.