# Scott *v.* The State.

## *Indictment for Murder.*

1.  *Organization of jury; when juror properly excused.*—When in his examination touching the qualification of one who has been summoned as a juror for the trial of a murder case, it is shown that he was on the grand jury when the indictment for an assault with intent to murder the deceased was found against the defendant for the same act with which he is now charged with murder, and that said ·juror was on the defendant's bail bond for his appearance in the present case, it is not error for the court, of its own motion, to excuse such juror from sitting on the jury and ordering him to stand aside.

2.  *Trial and its incidents; when not error for court to adjourn from court room to another room in the court house for the purpose of examining witness.*—It is not error, nor a ground of objection from any point of view, that during the trial of a criminal case the court, with the jury, the defendant, officers of the court and attorneys repaired from the court room, where the trial was being conducted, to the sheriff's office, which was in another part of the court house, for the purpose of examining a witness for the State, who was suffering from rheumatism, and who could not be brought into the court room without considerable pain to him.

3.  *Homicide; charge as to freedom from fault in bringing on difficulty.*—In a trial under an indictment for murder, a charge is erroneous and properly refused which instructs the jury that "if they believe from all the evidence that the defendant was reasonably free from fault in bringing on the difficulty, it can not be said that he was responsible for bringing on the difficulety."

4.  *Same; same.*—In such a case, a charge is erroneous and properly refused which instructs the jury that "under the evi-

[Scott v. The State.]

dence in this case the accused can not be deprived of the right of self-defense under the charge of murder in the indictment, even though the proof shows that the accused was in fault in bringing on the difficulty, unless it be further shown that he intended to bring it on, and to bring it on with felonious intent."

5. *Same; charge as to good character.*—The good character of a defendant in a criminal case is never of itself sufficient to generate a reasonable doubt of the defendant's guilt; and, therefore, a charge is erroneous and properly refused which instructs the jury that "If they find from the evidence that the defendant is a man of good character, they may consider that character in connection with the other evidence in the case in determining his guilt, and it may generate a reasonable doubt of his guilt."

6. *Same; charge as to fault in bringing on difficulty.*—On a trial under an indictment for murder, a charge is erroneous and properly refused which instructs the jury that "If the defendant acted in self-defense in the difficulty at the beginning, and even though he might have renewed it after the deceased retreated, yet if they believe that the defendant did not realize that the deceased had abandoned the difficulty, then they must acquit the defendant."

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. S. H. SPROTT.

The appellant, Will Scott, was indicted for the murder of Robert H. Seymour by shooting him with a pistol, was convicted of manslaughter in the first degree and sentenced to five years in the penitentiary.

The bill of exceptions contains the following recital in reference to the organization of the jury: "During the organization of the jury Steve Smith was called as a juror. The court having duly examined him as a juror touching his qualifications as such decided and so announced that he was a competent juror. The solicitor by leave of the court, before passing on said juror, asked said Smith if he was on defendant's bond for his appearance in this cause, and said Smith answered that he was, and the solicitor asked said Smith if he was on the grand jury when an indictment for attempt to murder was found against the defendant for the same act with which the defendant is now charged with murder; to which question the said Smith answered that he was.

8c

Thereupon the court, of its own motion, against the objection of the defendant, excused the said Smith as a juror, and directed his to stand aside. To the action of the court in excusing said Smith and directing him to stand aside the defendant then and there duly excepted.

The State introduced evidence tending to show that the defendant was guilty as charged in the indictment. The evidence for the defendant tended to show that the fatal shot was fired in self-defense. There was evidence introduced on the part of the defendant tending to show that he was a man of good character.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (A.) "The court charges the jury that if they believe from all the evidence that the defendant was reasonably free from fault in bringing on the difficulty, it can not be said that he was responsible for b.inging on the difficulty." (8.) "I charge the jury that under the evidence in this case the accused can not be deprived of the right of self-defense under the charge of murder in the indictment, even though the proof shows that the accused was in fault in bringing on the difficulty, unless it be further shown that he intended to bring it on and to bring it on with felonious intent." (W.) "Th c u t charges the jury that if they find from the evidence that the defendant is a man of good character, they must consider that character in connection with the other evidence in the case in determining his guilt, and it may generate a reasonable doubt of his guilt." (K.) "The court charges the jury that if the defendant acted in self-defense in the difficulty at the beginning, and even though he might have renewed it after the deceased retreated, yet if they believe that the defendant did not realize that the deceased had abandoned the difficulty, then they must acquit the defendant."

J. J. ALTMAN, for appellant, cited *Bell v. State*, 115 Ala. 25; *Simon v. State*, 108 Ala. 27; *Fountain v. State*, 98 Ala. 40; *Stone v. State*, 105 Ala. 60; *Kennedy v.*

*State,* 85 Ala. 326; *Brown v. State,* 74 Ala. 478; *Eiland v. State,* 52 Ala. 322.

CHAS. G. BROWN, Attorney-General, W. B. OLIVER and S. W. JOHN, for the State, cited *Johnson v. State,* 102 Ala. 19; *McQueen v. State,* 103 Ala. 17; *Howard v. State,* 110 Ala. 95; *Linnehan v. State,* 113 Ala. 84; *Bains v. State,* 88 Ala. 91; *Kirby v. State,* 89 Ala. 63; *Ex parte Nettles,* 58 Ala. 274.

HARALSON, J.—1. There was no error in the court, of its own motion, excluding the juror, Steve Smith, from sitting on the jury, and in ordering him to stand aside. He showed on his examination, touching his qualifications, that he was on the grand jury when an indictment for an assault with intent to murder deceased, was found against the defendant for the same act with which he was now charged with murder, and was on defendant's bail bond for his appearance in this case.

It is well settled, that the enumerated causes for the challenge in the Code, are not exclusive of all others, and of the discretionary power of the court to set aside any one summoned as a juror, who, for any cause, appears to be unfit to serve as such. The rule is well stated by this court to be, that "it is the duty of the court, when it shall appear satisfactorily that any person called as a juror has not the requisite qualifications of integrity, impartiality, or intelligence, at any time before he has been elected by the State and defendant, to reject him. The State certainly has no interest, and the defendant has no right to introduce into the jury-box unfit persons. It is the duty of the court to guard against their introduction."—*Smith v. State,* 55 Ala. 1, 10; *State v. Marshall,* 8 Ala. 302; *Long v. State,* 86 Ala. 36, 40. So it has been held that a person who, as in this case, is bail for the defendant's appearance to answer the charge against him, is not competent to serve as a juror on his trial.—*Breazleton v. State,* 66 Ala. 97.

The case of *Bell v. State,* 115 Ala. 25, relied on by defendant's counsel, is not opposed to the principle above announced. There, the juror was not an unfit person,

for any reason appearing, but was merely a witness in the case for the defendant, which fact did not disqualify or render him incompetent, to serve. It subjected him to challenge, under the statute, by either party, but for which cause, the court could not, of its own motion, set him aside.

The other cases referred to by counsel are alike inapplicable.

2. There was nothing of which the defendant can complain, that the court with the jury, the defendant, officers of court and attorneys, repaired from the courtroom in the second story of the court-house, where the trial was being conducted, to the sheriff's office on the first floor of the court-house, for the purpose of examining a witness for the State, made known to the court to be suffering from rheumatism, and who could not be brought into the court-room without considerable pain to him. This fact was testified to by a physician. The statute,—Code, § 898,—provides, that the circuit courts of the several counties shall be held at the court-houses thereof. The sheriff's office was at the court-house of the county, and there is nothing in the statute which prevents the court being held temporarily, or even during the term, in the sheriff's office. The action of the court under the circumstances shown, was commendable and not subject to criticism or objection from any point of view.

3. Charge A. requested by defendant and refused has been too often condemned by us to require further consideration.—*Howard v. State,* 110 Ala. 94; *McQueen v. State,* 103 Ala. 13; *Johnson v. State,* 102 Ala. 3.

4. Charge 8 fails to set forth the constituents of selfdefense, and its refusal may be justified on that account. *Miller v. State,* 107 Ala. 42; *Roden v. State,* 97 Ala. 55. Moreover, it was erroneous in that it postulates in effect, that no act of defendant, even if it had the effect to bring on the difficulty, should be considered against him, unless it be shown, "that he intended to bring it on with a felonious intent." Being wholly free from fault in bringing about a difficulty, cannot be made to consist in defendant's felonious intention. Still further,

it ignores the question of reasonable mode of retreat or escape.—*Linehan v. State,* 113 Ala. 70.

5.   Good character of the defendant may be considered in connection with all the other evidence in the case, and when thus considered, may generate a reasonable doubt of his guilt, when the other evidence without it might leave no such doubt; but it is improper to charge the jury that good character alone, without its consideration in connection with the other evidence in the case, may be considered to generate a reasonable doubt of guilt.—*Miller v. State,* 107 Ala. 59; *Thornton v. State,* 113 Ala. 44.   Charge W. asked by defendant, while it postulated that the jury might consider defendant's good character in connection with the other evidence in the case, postulates that *it,* the good character, and not good character considered in connection with each other, might generate a reasonable doubt of guilt.   When properly construed, the charge means that good character alone may generate a doubt of guilt, and was on this account erroneous.—*Johnson v. State,* 102 Ala. 2.

6.   Charge K. was properly refused.   It fails to set out the constituents of self-defense; and it contained the instruction, that if defendant renewed the difficulty after deceased abandoned it, as the evidence shows was the case, yet, if defendant did not realize that deceased had retired from the difficulty, then they should acquit.   If it was a fact that deceased abandoned the difficulty, as the charge assumes he did, the defendant could not set up his want of realizing that he had done so, as an excuse to commence it again.   He may have been greatly at fault in not having recognized the fact of abandonment of it by deceased.   Renewal of it by defendant, if deceased abandoned the fight, as the evidence tends to show he did, and the charge admits, made him the aggressor *ab initio,* as to what followed.—*Hughes v. State,* 117 Ala. 26; *Stillwell v. State,* 107 Ala. 16.

7.   We have examined the several charges given at the request of the State, and fail to find any reversible error in them.

There were many exceptions to the introduction and exclusion of evidence, which appear to be without merit.

Finding no reversible error in the record, let the judgment of the court below be affirmed.