282 So.2d 97

**F. H. LIGON**

v.

**STATE.**

**4 Div. 122.**

Court of Criminal Appeals of Alabama.

Aug. 14, 1973.

John B. Crawley, Troy, for appellant.

William J. Baxley, Atty. Gen., and Sarah V. Maddox, Asst. Atty. Gen., for the State.

WILLIAM C. SULLIVAN, Circuit Judge.

Appellant was indicted, tried and convicted in the Circuit Court of Pike County on an indictment containing two counts. Count One charged burglary in the first degree, and Count Two charged robbery. The jury rendered the following verdict:

"We, the jury, find the defendant guilty as charged and fix his punishment at ninety years imprisonment."

The judgment of the court, based on the jury verdict, provided:

"It is, therefore, considered and adjudged by the Court that the defendant is guilty of the offenses of Burglary 1st Degree and Robbery as charged in the indictment and thay (sic) the State of Alabama for

the use of Pike County, have and recover of the defendant the costs of this prosecution and that the defendant be imprisoned in the Penitentiary of Alabama for 90 years."

The appellant is represented on appeal by the same counsel who represented him in the trial court. Counsel sets out in brief and argues five points for reversal of the cause. Appellant filed a motion for a new trial. However, the sufficiency of the evidence to sustain the verdict was not assigned as a ground of error; hence, the court does not deem it necessary to set out all of the facts. The evidence was sufficient to submit to the jury the question of appellant's guilt under both counts of the indictment and to establish that appellant, in the nighttime, with the intent to steal, or commit a felony, broke into and entered the dwelling house of Jerry F. Vincent, which was at that time occupied by Mr. and Mrs. Jerry F. Vincent. Further, that while appellant was in said house, Joe Lex Corbitt, the son of Mrs. Jerry F. Vincent, returned to the house and was robbed by the appellant. The evidence is sufficient to support the judge's findings that two separate and distinct offenses had been committed. The appellant was thereafter apprehended at the scene of the crime, while in the house, and no question of identity arose during the trial.

■ Appellant's first assignment and argument, is that on motion for a new trial, he proved that he was physically unable at the time of the alleged offenses to commit the offense of robbery because of the condition of his right arm. Appellant did not testify at his trial. Even if true, such fact was known to appellant at the time of the trial. It was not newly discovered evidence. Where evidence presented at a hearing on a motion for a new trial was at all times within appellant's knowledge, it is not error to deny the motion for a new trial.

"The granting or refusal of a motion for new trial on the ground of newly dis-

covered evidence is addressed to the sound discretion of the trial court and will not be revised on appeal unless it clearly appears that such discretion has been abused."

Wallace v. State, 41 Ala.App. 65, 124 So.2d 110.

■ Appellant next contends the State failed to prove venue. Joe Lex Corbitt, the robbery victim of the burglarized dwelling, testified as follows:

"Q. All right. And that happened at the address here in Troy in Pike County, Alabama, that you first testified about?

"A. Yes, sir."

The court is unaware of any better way to establish venue.

■■ The appellant next contends that the trial court was not held in a place authorized by law, and that appellant did not have a public trial. The record reveals, and without dispute, that the trial was held in the Pike County courthouse. The jury was organized and empaneled in the main courtroom and by public announcement, made by the trial judge, was removed to another room of the courthouse on the door of which appeared the words GRAND JURY ROOM. This procedure was followed to facilitate the trials of other matters pending, as both judges of the circuit were trying cases simultaneously. In this we find no error. Title 13, § 112(6), Code of Alabama 1940, Recompiled 1958, provides:

"Except when otherwise provided by law, the circuit courts of the several counties shall be held at the courthouses thereof."

Thus, the proper place for holding court in the trial of criminal cases is the courthouse of the county, and court may be held in any part of the courthouse. Scott v. State, 133 Ala. 112, 32 So. 623.

Appellant next contends that two members of the jury that convicted him were members of the Troy Auxiliary Police Force. The record on the motion for a new trial reveals this is true, however, this question was never asked the members of the venire in connection with appellant's trial. There is no evidence to justify a finding of concealment of such fact by either juror nor to indicate they knew anything about the facts of the case, nor that they were prejudiced or partial in any manner.

Appellant last contends that the sentence of ninety years constitutes cruel and unusual punishment under the Eighth Amendment to the Constitution of the United States. Both offenses for which the appellant stands convicted are punishable by imprisonment in the penitentiary for not less than ten years; there being no limit on the maximum. Until recently, both were punishable by death. Ninety years, being within the limits prescribed, does not constitute cruel nor unusual punishment.

We have considered the entire record under Code 1940, Title 15, § 389, and find no error to reverse, however, we feel compelled to comment on certain aspects of the case, that this opinion might not be misinterpreted in the future. The defendant was tried and convicted of two separate and distinct crimes and offenses in separate counts of the indictment, although he received only one sentence. The record reveals that there was no demurrer to the indictment; no motion to require the state to elect under which count it would prosecute; no motion to exclude the evidence generally, nor as to either count; no motion for a directed verdict generally, nor as to either count; and no request for the affirmative charge generally, nor as to either count. The trial court, consequently, was never called upon to rule on the propriety of proceeding against the appellant on the two separate and distinct charges simultaneously.

From this examination we conclude that error is not made to appear.

The foregoing opinion was prepared by Honorable WILLIAM C. SULLIVAN, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) § 38, Title 13, Code of Alabama 1940, as amended; the Court has adopted this opinion as its own.

The judgment below is hereby

Affirmed.

All Judges concur.