Appellant was convicted of robbery and the court sentenced him to forty years in the penitentiary. Prior to arraignment appellant was found to be indigent and counsel was appointed to represent him. At arraignment, in the presence of counsel, he waived reading of the indictment and pleaded not guilty. After sentence was imposed he gave notice of appeal and was furnished a free transcript. Trial counsel represents him on this appeal.
Prior to trial a motion to suppress an alleged confession was conducted out of the presence and hearing of the jury. At the conclusion of the hearing the trial court ruled that the incriminating statement made by appellant to an investigator from the District Attorney's Office and a Deputy Sheriff of Marion County was voluntary. These two witnesses were assigned to transport appellant from the Jefferson County Jail to the jail in Hamilton, Marion County, Alabama, to stand trial on a robbery indictment, following an order from the Circuit Judge of Marion County. Appellant was given the Miranda rights and warnings on at least two occasions and responded that he knew his constitutional rights, but declined to sign a waiver of rights form. *Page 1244 
At no time was the inculpatory statement of appellant even referred to during the robbery trial in Marion County and it would serve no useful purpose or add anything to this opinion to further refer to the statement made by appellant. The case against appellant was tried on the testimony of two eye witnesses to the robbery who made positive in-court identifications of appellant as one of the bandits who robbed the drug store in Winfield, Marion County, Alabama.
Appellant did not testify during the trial in chief nor did he offer any evidence in his behalf.
There was no motion to exclude the State's evidence; there was no motion for a new trial; no exceptions were reserved to the court's oral charge to the jury, and there were no objections to the introduction of testimony which contained any merit. There was a request for the affirmative charge which was refused.
Mr. David Corbin testified that he was employed as a pharmacist at the Oden Shirey Drug Store, Incorporated, on November 2, 1978, when the store was robbed between 5:30 and 6:00 p.m. He first saw appellant standing about twelve feet from him waving a .45 caliber automatic in the air. Appellant ordered everyone to lie down. There were eight or nine persons in the drug store at the time of the robbery and all lay face down on the floor at the command of the bandit. The bandit asked who was the druggist and Mr. Corbin stated he was the pharmacist. The bandit ordered Mr. Corbin to get off the floor and to give him all the narcotics in the store. Mr. Corbin started putting the narcotics in a paper bag and the bandit passed him a pillow case and told him to put the drugs in it. Mr. Corbin filled the pillow case full of narcotics and handed the pillow case to the robber. Mr. Corbin looked at the bandit several times while he was putting the drugs in the pillow case and the bandit ordered Mr. Corbin not to look at him, but every time the bandit said anything Mr. Corbin would look at him. The store was brightly lighted and at times the bandit was about two feet from him and he got a clear and unobstructed view of the bandit's face. The bandit did not have his face disguised in any manner.
While Mr. Corbin was getting the drugs an employee was on the floor about three or four feet away and he made a move. The bandit told the employee that if he moved again he would blow his head off. In addition to the drugs four or five hundred dollars were taken from a brief case on top of the drug cabinet.
After giving the pillow case to the bandit, the bandit asked Mr. Corbin for his car keys and Mr. Corbin told him he did not have a car. The bandit asked the employee whom he threatened to shoot for his car keys and was told he did not have his car with him as he walked to work that day. The bandit then asked who owned the Lincoln that was parked nearby and he was told it belonged to Mr. Henry Lindsey. Mr. Lindsey was one of the owners of the drug store and he surrendered his keys to the bandit.
Mr. Corbin described the bandit as having a mustache and scars on his face. He also had long brown hair and was larger in stature than Mr. Corbin and he had very distinctive eyes. He was not wearing a suit but Mr. Corbin did not remember the type of clothing he had on. Mr. Corbin further stated the bandit had a companion who was armed with an old type pistol and was wearing a ski mask. He could not identify this man.
After the robbery was completed everyone in the store was ordered to pile up in a back room and remain there for ten minutes after they left the store.
The indictment listed some thirty different type drugs, all under the Controlled Substances Act, in addition to a 1978 Lincoln automobile, as being taken during this robbery. The warrant of arrest stated the combined value of the stolen items to be $14,700.00.
The only other witness who testified for the State was Mrs. Gerry Ann Sanford who was employed as a clerk at the time of the robbery. She made a positive in-court identification of appellant as one of the robbers. *Page 1245 
She stated her identification was based solely on seeing appellant at close range in a well lighted store at the time of the robbery.
Appellant contends that the State failed to prove venue and he was entitled to a directed verdict for that reason. We do not agree. Venue may be established by the testimony of one witness. White v. State, 55 Ala. App. 58, 312 So.2d 639; Ligonv. State, 50 Ala. App. 658, 282 So.2d 97.
From the record:
 "Q. David (Corbin) is Oden Shirey Drug Company you testified about where this robbery took place, is it located in Marion County?
"A. Yes, sir."
Appellant next asserts that he was deprived of a fair trial by the action of the court in not granting him a continuance so that he could adequately prepare for trial.
The law is well settled that a motion for a continuance in a criminal case is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed on appeal unless clearly abused. Fletcher v. State, 291 Ala. 67,277 So.2d 882; Rogers v. State, Ala.Cr.App., 365 So.2d 322.
The record reflects that appellant was transported to Marion County no later than February 23, 1979, a month before trial. Counsel for appellant had ample time to prepare this case for trial. Appellant's astute and resourceful counsel performed a very remarkable and professional job in defending him both at trial and on appeal.
 "The conviction of a client does not prove lack of skill or zeal on the part of counsel." Torris v. State, Ala.Cr.App., 339 So.2d 1073.
We find no abuse of discretion on the part of the trial court in denying a continuance in this case.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. This was such a clear-cut case of robbery it took the jury only 15 minutes to return a guilty verdict. The judgment of conviction is, in all things, affirmed.
AFFIRMED.
All the Judges concur.