BARRON, Judge.
Appellant was indicted for trafficking in cannabis in violation of § 20-2-80(l)(a) (Supp.1981), Code 1975, as amended. A hearing on appellant’s motion to suppress was held and the motion was overruled. Appellant was tried and found guilty, and the court fixed his punishment as nine years imprisonment and a fine of $25,000. Subsequently, a motion for new trial was denied, and a notice of appeal to this court was filed. The facts of this case are as follows:
With the cooperation of a reliable informant, police officers Arrington and Carey maintained surveillance, hoping to apprehend marijuana traffickers Della Mae Nick-erson and a then unidentified co-conspirator. Nickerson had arranged to make a delivery of a quantity of marijuana at Idle Hour Park in Phenix City to police informant Phillips. Phillips was to signal police officers by turning on a light in his van when he was presented the opportunity to make an illegal marijuana purchase. Although Nickerson usually drove a green Chevrolet, she and appellant arrived at the prearranged time and place in a silver Ford Granada, which had a large garbage bag full of 15 zip-loc bags of “a green/brown vegetable matter” in the trunk. After discussing the transaction, appellant allowed Phillips to see the plastic bag and its contents in the trunk. Phillips smelled the matter to determine it was in fact marijuana, then gave police the signal agreed upon. The police saw the signal from a nearby location, where they were observing the transaction with binoculars. The officers responded to the signal and arrived on the scene. The appellant closed the trunk of the Granada as the police appeared. Police had obtained a search warrant for the green Chevrolet belonging to Nickerson. Under the authorization of the search warrant, the officers proceeded to search the silver Granada, which was under the control of the appellant. The garbage bag was discovered and was later established to contain 14.76 pounds of marijuana.
I
The first issue appellant brings before the court is whether the trial court properly overruled appellant’s objections to testimony of conversations of informant Phillips *205 with officers Arrington and Carey, and with Della Mae Nickerson.
The evidence brought forward in this case indicates that a conspiracy was entered into for the unlawful purpose of trafficking in marijuana. The conspiracy was between Della Mae Nickerson and a co-conspirator who was nameless prior to his arrest on March 12, 1981.
In the cases of Cox v. State, 367 So.2d 535 (Ala.Cr.App.), writ denied, 367 So.2d 542 (Ala.1978), and Conley v. State, 354 So.2d 1172 (Ala.Cr.App.1977), this court held that where proof of a conspiracy exists, any statement by accused’s co-conspirator in commission of a crime, made before commission of the crime, during the existence of the conspiracy and in furtherance of a plan or design, is admissible against the accused.
Appellant cites Guntharp v. State, 54 Ala.App. 363, 308 So.2d 722, writ quashed, 293 Ala. 756, 308 So.2d 728 (1974), wherein this court held that the admissibility of an accomplice’s statement made outside the presence and hearing of the other accused depends on whether there is, at the time of the accomplice’s utterance, a viable nexus of mutual agency between the alleged criminal joint venturers. That such a nexus was present in this case, at the time of the out-of-court statements of Della Mae Nickerson, is evidenced in the record.
An unlawful conspiracy need not be proved by positive evidence, but may be proved from the conduct of the parties, circumstances surrounding the act and from conduct of the accused subsequent to the act. Williams v. State, 375 So.2d 1257 (Ala. Cr.App.1979), writ denied, 375 So.2d 1271. The evidence in the instant case is such that it could have reasonably been found that a conspiracy did in fact exist between the appellant and Miss Nickerson. We find no error in the admission of this testimony.
II
In the second issue presented for review, the appellant states that the State’s evidence obtained from the trunk of a car in his possession was the fruit of an illegal search and seizure. Appellant claims the trial court erred in overruling a motion to suppress and exclude the evidence. The appellant asserts that there should have been a properly executed search warrant to allow a search of the automobile which was in the possession and under the control of the appellant at the time and place of the arrest.
The search warrant obtained by the officers pursuant to their investigation into suspected drug trafficking was directed toward a green Chevrolet. The green Chevrolet was not the automobile searched. In deciding upon the legality of the search, we must consider it a warrantless search. However, the fact that a warrant was properly issued for a car expected to be the vehicle used in transporting illegal drugs by these persons at this location, time, and date is important. Together with other facts, it helps establish probable cause for search of the vehicle actually used in the violation of the drug trafficking statute.
The rule for such searches is that they cannot be upheld unless they fall within a recognized exception to the requirement for a valid search warrant. Warrantless searches are “per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions.” Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967); Kinard v. State, 335 So.2d 916 (Ala.Cr.App.), reversed, 335 So.2d 924 (Ala.), on remand, 335 So.2d 927 (Ala.Cr.App.1976). In the case of Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973), Justice Bloodworth points out those exceptions. They are when (1) something is in plain view, (2) consent is voluntarily, intelligently and knowingly given, (3) the search is incident to a lawful arrest, (4) there is a hot pursuit or emergency situation, (5) there are “exigent circumstances” coincidental with “probable cause,” or (6) there is a stop and frisk situation. Daniels, supra, at page 318, 276 So.2d 441.
The exception that applies to this search is the exception that allows for warrantless searches when exigent circumstances exist *206 coincidental with probable cause. See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).
An officer may search an automobile without a search warrant if he has probable cause to believe that the automobile carries contraband. Probable cause here requires a reasonable ground for belief of guilt. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Owens v. State, 51 Ala.App. 50, 282 So.2d 402, cert. denied, 291 Ala. 778, 282 So.2d 279 (1973). Whether the officers had a reasonable ground for such a belief of guilt must be determined from the facts confronting the officers who were entrusted with making the decision whether or not to search.
The officers had obtained confidential information from their previously reliable informant Mr. Phillips, and had numerous personal observations to corroborate the informant’s information. This court has recognized:
“[An] informant’s report may still constitute the sole basis for a finding of probable cause if the information provided is in such detail and minute particularity that a ‘magistrate, when confronted with such detail, could reasonably infer that the informant had gained his information in a reliable way.’ This is the self-verifying tip. Spineili v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Less detailed information from a reliable source may also be used as grounds for a finding of probable cause where the key elements of the tip are verified or corroborated. ... Finally a tip that will not meet any of these standards may still be used in conjunction with a number of other factors of ‘further support’ to show probable cause.” (Citations omitted.)
Hatton v. State, 359 So.2d 822, 826 (Ala.Cr. App.1977), writ quashed, 359 So.2d 832 (Ala. 1978); Spencer v. Town of Gordo, 389 So.2d 182 (Ala.Cr.App.1980). Those “other factors of further support” existed here. The totality of circumstances evinced from the testimony of Officer Arrington showed cause to search appellant’s automobile. The officers had obtained enough grounds to obtain a proper search warrant for a car they expected to be the delivery vehicle. The officers personally observed the signal that was to be given to them by their informant when an illegal drug transaction was underway, and they observed the slamming of the car trunk as they approached. These factors cause a reasonable, prudent man to believe the silver Granada automobile at the scene contained contraband. United States v. Edwards, 577 F.2d 883 (5th Cir. 1978).
To establish the second part of the exception, there must be exigent circumstances that require a response. An automobile’s inherent mobility may provide the required exigency. In determining if it does, one may look to see where the car is located, and whether it is capable of being moved. A deciding factor is whether or not there is probable cause to believe the car contains evidence that needs to be preserved. Hancock v. State, 368 So.2d 581 (Ala.Cr.App. 1979); Landry v. State, 56 Ala.App. 421, 321 So.2d 759 (1975); Reid v. State, 388 So.2d 202 (Ala.Cr.App.1979), reversed, 388 So.2d 208 (Ala.1980).
Our Supreme Court spoke to the exigency question relative to warrantless automobile searches in the case of Rickman v. State, 361 So.2d 22 (Ala.Cr.App.), reversed, remanded, 361 So.2d 28 (Ala.), on remand, 361 So.2d 31 (Ala.Cr.App.1978). In that case, the court quotes the U.S. Supreme Court decision in United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950), which states:
“The judgment of the officers as to when to close the trap on a criminal committing a crime in their presence or who they have reasonable cause to believe is committing a felony is not determined solely upon whether there was time to procure a search warrant. Some flexibility will be accorded law officers engaged in daily battle with criminals for whose restraint criminal laws are essential.”
The appellant claims that this case is similar to Hall v. State, 399 So.2d 348 (Ala. Cr.App.1981), where an officer’s “gut feelings” were the basis for probable cause to *207 search, and the appellant had been initially stopped on the highway for a noisy muffler. This case is distinguished from Hall in that circumstances called for an immediacy of action that was not present in that case.
The facts of this case are such that the trial court was proper in overruling the appellant’s motion to exclude the evidence.
Ill
The third issue to be presented by appellant is whether §§ 20-2-80, -81, Code 1975, as amended, violate appellant’s constitutional rights. Appellant claims that the jury should have been charged on the law found in § 20-2-70, Code 1975, as amended. This issue has been answered by this court in the case of Beasley v. State, 408 So.2d 173 (Ala.Cr.App.1981). Evidence in the case at bar indicates that appellant was in the possession of 14.76 pounds of marijuana. The Beasley case states that:
“Section 20-2-80 supersedes the application of § 20-2-70 when the offender possesses in excess of 2.2 pounds of marijuana, whether for personal use or sale.” Beasley, 408 So.2d 173 (Ala.Cr.App.1981).
Appellant also argues that the provisions of the Alabama Code addressing drug trafficking are unconstitutional because the trial judge cannot grant probation or reduce sentence unless the prosecuting attorney so moves the court, § 20-2-81(b). This statute’s constitutionality has been established by this court in the recent case of Wheatt v. State, 410 So.2d 479 (Ala.Cr.App. 1982). The Wheatt case relied on the case of State v. Benitez, 395 So.2d 514 (Fla.1981), which addressed this question relative to a similar Florida drug trafficking statute.
The Benitez case concludes that even when the reduction or suspension of sentence is triggered by the initiative of the State’s attorney,
“as long as a statute does not take from the courts the final discretion to impose sentence, it does not infringe upon the constitutional division of responsibilities.” Benitez, 395 So.2d at 519. (See also People v. Eason, 40 N.Y.2d 297 [386 N.Y.S.2d 673], 353 N.E.2d 587 (1976).)
The appellant also argues that the statute is unconstitutional in that the mandatory fine of $25,000 is excessive and subjects the appellant to cruel and unusual punishment. The appellant’s argument that the only way many convicted felons might have of paying such a fine would be to sell “enormous quantities of marijuana” is without merit. Indigent offenders would be advantaged over other offenders if they were not subject to fines because of their inability to pay. Wheatt v. State, 410 So.2d 479 (Ala.Cr.App.1982); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971). There are other alternatives to which the state may resort to serve its concededly valid interest in enforcing payment of fines, e.g., paying fines in installments, Tate, supra, and Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). The Eighth Amendment to the Constitution guarantees that statutes will not be excessively vague or indefinite, and trial courts may not inflict excessive fines and cruel and unusual punishment. Therefore, the punishment inflicted under § 20-2-80(1) should not be grossly disproportionate to the severity of the crime. A New York court has determined that even a maximum sentence of life imprisonment for conviction of a drug offense is not violative of constitutional guarantees. People v. Broadie, 37 N.Y.2d 100, 332 N.E.2d 338. While this court may rule a fine or sentence as excessive, the separation of powers doctrine forces this court not to substitute its own judgment for that of the legislature unless those constitutional guarantees of the Eighth Amendment to the U.S. Constitution or of Article I, § 15, 1901, Alabama Constitution are clearly violated. Cabble v. State, 347 So.2d 546 (Ala.Cr.App.), cert. denied, 347 So.2d 551 (Ala.1977).
The appellant claims that this court should rule that § 20-2-80 and § 20-2-81 are unconstitutional as they provide for no maximum sentence. This issue has been addressed in numerous cases. In Ligon v. State (50 Ala.App. 658), 282 So.2d 97 (1973), defendant was charged with robbery under *208 an Alabama statute that provided for no maximum sentence. A sentence of 90 years in that case was found to be within the limits prescribed and was not found to constitute cruel or unusual punishment.
In numerous instances, statutes with similar sentencing schemes as § 20-2-80(1) have been determined not to be constitutionally infirm as too vague or indefinite. Dickerson v. State, 414 So.2d 998 (Ala. Cr.App.1982); United States v. Hayes, 589 F.2d 811 (5th Cir. 1979); United States v. Kuck, 573 F.2d 25 (10th Cir. 1978); United States v. Jones, 540 F.2d 465 (10th Cir. 1976), cert. denied, 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977).
AFFIRMED.
All the Judges concur.