BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant, represented here and at nisi prius by employed counsel, was indicted for robbery, convicted by a jury which fixed punishment at twelve years imprisonment.
The only asserted error is the failure of the prosecution to inform the defendant, pursuant to a pre-trial motion therefor, that a key witness for the State had on a previous occasion (1953) been convicted in Jefferson County of burglary — an offense involv *318 ing moral turpitude. Appellant contends that such alleged conviction was not known to him until right after the trial and conviction. Judgment of guilt in the instant case was entered on April 12, 1978.
Appellant filed and presented a motion for a new trial on May 9, 1978, and after a series of continuances, the motion was heard and overruled on August 25, 1978.
Ground fifteen of the motion reads as follows:
“15. For that the State willfully and intentionally withheld information concerning the arrest and conviction records of the state witnesses, particularly, Mr. Phillip Charles Brown, who was the crucial witness for the State. Said information was requested of the State by the defendant through his Motion to Compel Production or Disclosure, and the State of Alabama through its representative, Mr. George Jones, that the State had no knowledge of any prior criminal records or convictions of any of the witnesses it intended to call. This information was pertinent and critical in deciding the guilt or innocence of the defendant in the case at bar. The withholding of the aforesaid evidence was of such critical nature, that had it been known, the tactics and strategy of the defense would have been entirely different.”
We will not review the ruling of the trial court because there is no evidence in the record that supports the motion. Appellant’s counsel on this appeal elaborately and astutely argues the merits of Ground 15, supra, and incorporates in his brief a certified copy of some bench notes on file in the Office of the Circuit Clerk of Jefferson County. These notes show that one Phillip C. Brown (the name of the witness who testified) entered a plea of guilty to burglary as charged and punishment was fixed at two years imprisonment.
There is no evidence in the record which indicates such a conviction. Nor is there anything in the record to show that the person who pled guilty as indicated, supra, was one and the same person who appeared as a State’s witness.
Attached to appellant’s brief is a verified statement of Roy J. Brown, appellant’s employed counsel at nisi prius, that right after the trial was concluded, he learned from the Deputy District Attorney that the witness had been convicted for burglary; that this deputy had knowledge of the conviction and failed or refused to disclose it.
This Court takes judicial knowledge of its own records and the Circuit Court of its records. Statham v. Statham, 282 Ala. 322, 211 So.2d 456(6); Roan v. Smith, 272 Ala. 538, 133 So.2d 224(4).
Facts asserted in brief of appellant or appellee, which cannot be ascertained from the record, cannot be reviewed. Lucy v. State, Ala., 340 So.2d 840(2, 3).
In view of the absence in the record of any prejudicial error that our search reveals, we think the instant judgment should be affirmed. It is so ordered.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a Retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.