CLARK, Retired Circuit Judge.
Appellant-defendant was charged in an indictment with possession of marijuana, included in § 204 of the Alabama Uniform Controlled Substances Act (Acts 1971, No. 1407, p. 2378). Code of Alabama 1975, § 20-2-1, et seq. By Code 1975, § 20-2-70, possession of marijuana is a felony but possession by a person for “his personal use only” is a misdemeanor. The jury found defendant guilty of possession of marijuana “for his personal use” and assessed a fine of $1,000.00. The court entered a judgment accordingly and added punishment at six months imprisonment in the county jail, permitted by the cited statutory law.
A major insistence on appeal is that the trial court erroneously overruled a motion, or motions, of defendant to suppress evidence of the fruits of a search made by officers at a house in Huntsville at 1502 Washington Street that was the residence of defendant. Appellant insists that the search was made pursuant to a search warrant issued by a district court magistrate who was not licensed to practice law in Alabama. Appellant argues that a search warrant issued by a district court magistrate who is not “licensed to practice law in Alabama” contravenes Rule 18 11(A)(3)(a), Alabama Rules of Judicial Administration, as follows:
“. .. The powers of a district court magistrate shall be limited to:
“(a) Issuance of arrest warrants, ... and, where such magistrate is licensed to practice law in Alabama, issuance of search warrants; ...”
It was so held on rehearing in Newton v. State, Ala.Cr.App., 375 So.2d 1245, 1249-1250, cert. denied, 375 So.2d 1250 (1979).
In response to appellant’s stated contention, appellee says:
“The appellant contends that the warrant magistrate did not have the authority to issue a search warrant. An examination of the record reveals that there was no evidence introduced to support this contention. The only references to the magistrate’s qualification are statements in appellant’s motion. This Honorable Court has held that facts asserted in the brief of appellant or appellee which cannot be ascertained from the record cannot be reviewed. Dumas v. State, Ala.Cr. App., 369 So.2d 317 (1977), Brooks v. State, Ala.Cr.App., 380 So.2d 1012 (1980).”
We think the action of the trial court should be reviewed. Although there is some undesirable vagueness in the position or contention of defendant in the trial court, the record shows that on November 26,1979, the day before the trial of the case commenced, a “Motion to Suppress the Evidence" was filed with the clerk of the court and that on the day of the trial, but before the trial actually commenced, the trial judge overruled said motion. On the same day, it overruled defendant’s written “Motion to Dismiss the Indictment,” which motion was verified by defendant and alleged in paragraph 3:
“Since the magistrate which issued the warrant in the present case did not have the power to do so, the warrant issued by him was invalid and the evidence obtained by virtue of the warrant should be inadmissible.”
Said motion also alleged that “Acts No. 790 (1973) and No. 407 (1975) are invalid because they are contrary to Rule 18 11(A)(3)(a), Alabama Rules of Judicial Administration.” The Acts cited (Act No. 790, Acts 1973, p. 1203 and Act No. 407, Acts 1975, p. 1005) purport to empower a warrant magistrate of the Madison County Court to “take evidence and affidavits in support of search warrants and to issue warrants.” Each Act is a local act.
*71 The transcript of the proceedings shows that after the jury was selected to try the case, and at a hearing conducted out of the presence of the jury, defendant brought to the attention of the court the motions he had previously filed and proceeded to argue the same. Inter alia, defendant’s counsel said:
“It is the defendant’s position, as per the motions that I have filed, that the warrant magistrate that signed the warrant in this case was not licensed to practice law in the State of Alabama and, therefore, did not have the authority to issue a search warrant allowing the officers to go to the residence in question and go in and seize contraband. It is also the defendant’s position that to allow a magistrate that is not licensed to practice law to issue a search warrant would deprive him of his equal protection of laws. Based on my motions and based on that statement, it is our position that the evidence should be suppressed in this case.”
The court then said:
“Overrule your motion. Anything further?” At that point each party made an opening statement to the jury, and then the first witness was called and testified.
Under the circumstances stated, we conclude that defendant brought to the attention of the court his motion to suppress the evidence of marijuana and other incriminating objects that were found in his residence upon a search of it pursuant to a warrant issued by a particular magistrate of the District Court of Madison County. It is our view also that defendant then based his motion, in part at least, upon the same position that appellant now takes that the search warrant was invalid in that it was issued by a magistrate who was not licensed to practice law.
No distinction is sought to be made by appellee between the effect of the Acts involved in this case and Act No. 551, Acts of Alabama 1977, applicable to Tuscaloosa County, that was involved in Newton v. State, supra. No distinction is apparent, and the conclusion necessarily follows that the magistrate who issued the search warrant in the instant case was not qualified to issue it unless he was licensed to practice law in Alabama. Rule 18 11(A)(3)(a), Alabama Rules of Judicial Administration, forbids it; said Rules may be changed only by the court that promulgated them, the Supreme Court of Alabama, or “by a general Act of statewide application.” Constitutional Amendment No. 328 (Judicial Article) § 6.11.
We agree with appellee that neither the record nor the transcript of the proceedings shows that the magistrate was not licensed to practice law in Alabama, and that there was some burden on the defendant to prove the allegations of his motion. However, we observe nothing to indicate that the court’s ruling was based on failure of defendant to prove the fact upon which his contention was based. It is to be said also that the prosecution did not indicate any disagreement with that factual allegation. Defendant’s motion was overruled before he was ever given an opportunity to support it by proof of the factual averment under consideration. Any question as to this, however, should not be left unresolved. If the magistrate was not licensed to practice law, it is our opinion that the search warrant was invalid, that the objects seized thereunder were not admissible in evidence and that the judgment should be reversed. Otherwise, it should be affirmed, as we find no other error in the record prejudicial to defendant.
The case should be remanded to the trial court with directions that it make a determination, after such hearing as it deems necessary or appropriate, whether the magistrate who issued the search warrant herein was licensed to practice law in Alabama at the time and make its return thereof to this Court for further action herein. Each party shall have fourteen days after said return to file an additional brief.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his *72 opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur.