Trafficking in cannabis, § 20-2-80, Code of Ala. 1975; sentence: imprisonment for twenty years and one day and $25,000 fine.
On September 19, 1980, following a "rolling surveillance" spanning several months, Huntsville law enforcement officers executed a probable cause search warrant at the home of the appellant. Pursuant to the search, they discovered marijuana piled on *Page 176 
the kitchen table, a marijuana cigarette in a purse belonging to appellant's wife, and marijuana residue in three pipes located in various rooms throughout the residence. The amount of marijuana found totaled 2.4 pounds. The appellant was present during the early morning search, and police officers seized a utility bill addressed to appellant's wife at the address described in the warrant and the residence being searched.
 I
At the pretrial hearing on appellant's motion to suppress the evidence obtained during the search, appellant's attorney established that the warrant magistrate who issued the search warrant in the instant case was not licensed to practice law in Alabama. The trial judge, however, questioned the warrant magistrate and ascertained that he was a full-time magistrate on September 1, 1976, and had continued in such capacity as a merit system employee in the district court. Appellant maintains that, while the provisions of § 12-17-251 (c)(1) were thus met, the 1980 amended act continues to be an invalid local law and, therefore, the warrant magistrate lacked legal authority to issue the search warrant here. We disagree.
The 1980 amendment to § 12-17-251 (c)(1) reads:
 "(c) The powers of a magistrate shall be limited to:
 "(1) Issuance of arrest warrants and, where such magistrate is licensed to practice law in Alabama or was serving as a full-time magistrate or warrant clerk on September 1, 1976, and who continued in such capacity as a merit system employee in the district court, search warrants. . . ."
Appellant argues that this amendment merely combines the 1977 amendment to § 12-17-251 (c)(1) and Act No. 407, Acts 1975, page 1005, in a local act attempting to include the non-attorney magistrates of Tuscaloosa and Madison counties in the statute authorizing only magistrates who are licensed attorneys to issue search warrants.
We held that the 1977 amendment to § 12-17-251 (c)(1) was a local act and consequently invalid in Newton v. State,375 So.2d 1245 (on rehearing) (Ala.Cr.App.), cert. denied,375 So.2d 1250 (Ala. 1979). The 1977 amendment (Act No. 551, Acts 1977, page 740) added to the statute authorizing magistrates to issue arrest warrants and, if licensed to practice law in Alabama, search warrants, the following:
 "provided however, any person who was serving as a full-time magistrate, ex-officio judge, or assistant ex-officio judge of any county court of this state, six months prior to the effective date of the implementation of this act by the creation of a District Court in Tuscaloosa County, and is continuing to serve as a magistrate of a District Court, may issue arrest warrants and search warrants." (Emphasis added.)
We determined in Newton that the 1977 amendment conflicted with Rule 18 II (A)(3)(a), Alabama Rules of Judicial Administration, which established the rule that only magistrates licensed to practice law in Alabama may issue search warrants. Since § 6.11 of the Judicial Article (Amendment 328 of the Constitution of Alabama of 1901) provides that "[t]hese rules may be changed by a general act of statewide application," or by the Supreme Court of Alabama, we held the 1977 amended act invalid as an attempt to change rule 18 II (A)(3)(a) by a local act.
Likewise, we held that Act No. 407, Acts 1975, page 1005, was an invalid local act in Ringer v. State, 394 So.2d 69
(Ala.Cr.App.), cert. denied, 394 So.2d 72 (Ala. 1980), appealafter remand, 394 So.2d 72 (Ala.Cr.App. 1981), based on the authority of Newton, supra. Act No. 407 amended Act No. 790, Acts 1973, page 1203, creating the office of warrant magistrate in Madison County and provides:
 "`Section 5. Duties. The duties of the warrant magistrate or any duly authorized assistant warrant magistrate shall be as follows:
. . . .
 "`(b) To take evidence and affidavits in support of search warrants and to issue warrants. . . .'" *Page 177 
The warrant magistrate who issued the search warrant in Ringer
is the same magistrate issuing the search warrant in the case at bar.
We find that the 1980 amendment to § 12-17-251 (c)(1) is a general act of statewide application. Amendment No. 375 of the Constitution of Alabama of 1901, Art. IV, § 110, defines both general and local laws as follows:
 "A general law is a law which in its terms and effect applies either to the whole state, or to one or more municipalities of the state less than the whole in a class. . . .
. . . .
 "A special or private law is one which applies to an individual, association or corporation. A local law is a law which is not a general law or a special or private law."
A careful study of legislative acts demonstrates that the language of the 1980 amendment does not purport to limit its application to any particular subdivisions of this state, but rather encompasses the entire state. Therefore, appellant's contention is without merit.
 II
During the pretrial hearing on his motion to suppress, the appellant also insisted that there was no probable cause to issue the search warrant. He contends that the dual "prongs" ofAguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723
(1964), applying to warrants based on hearsay information supplied by unidentified confidential informants, were not shown here. We believe that they were clearly established in the affidavit signed by Officer D. Della-Calce and were later reaffirmed by the testimony elicited at the hearing.
This two-pronged test provides that a tip may supply the basis for probable cause in and of itself where it discloses: (1) some of the underlying circumstances which justify a conclusion that the informer is credible or his information is reliable (the "veracity prong"); and (2) some of the underlying circumstances tending to demonstrate that in the specific instance in question he has drawn his conclusions of criminality in a reliable manner (the "basis of knowledge prong"). Aguilar, supra; Hatton v. State, 359 So.2d 822
(Ala.Cr.App.), cert. quashed, 359 So.2d 832 (Ala. 1977); Murrayv. State, 396 So.2d 125 (Ala.Cr.App. 1980), cert. denied,396 So.2d 132 (Ala. 1981).
Officer Della-Calce, the subscribing affiant, spoke with an informant on September 17, 1980, the date the warrant was issued. The confidential informant had given him substantiated information on at least ten previous occasions and on one occasion had been directly involved with the confiscation and seizure of illicit drugs. On September 17 Officer Della-Calce watched the informant enter appellant's residence. When he came out he told Della-Calce that he had observed a large quantity of marijuana inside. This information was consistent with direct observations of Della-Calce pursuant to the "rolling surveillance" he kept on appellant's residence for several months prior to that date. Della-Calce observed constant suspected drug activity and participated in two "set-ups" by informants sent by narcotics agents to purchase contraband from the appellant. Obviously, probable cause was clearly established.
 III
At 7:20 a.m. on September 19, 1980, following a telephone call to ascertain that the home was occupied, Officer Della-Calce, four other narcotics agents, and one deputy sheriff arrived with the search warrant and converged upon appellant's home at 4801 Blue Haven Drive, Huntsville, Alabama. After the other agents positioned themselves at the rear of the house, Officer Della-Calce and the deputy sheriff approached the front door and the deputy knocked and announced he had a search warrant. Della-Calce testified that he "heard some movement inside" and "kicked the door open." He admitted that the time span between the moment the deputy knocked and when he kicked in the door was only "a matter of seconds." This *Page 178 
estimation was repeated in the testimonies of the accompanying officers.
Appellant urges this court to determine whether these law enforcement officers complied with § 15-5-9, Code of Ala. 1975, Alabama's "knock and announce" statute, when they forced entrance into his residence before he refused to admit them. We decline to make such a determination because that specific issue was never presented to the trial court. Giles v. State,382 So.2d 1177 (Ala.Cr.App. 1980). While we do not condone the conduct of the police as described here, the record does not reveal any objection either at trial or in pretrial motions focusing on the officers' obvious disregard of Alabama's "knock and announce" statute.
Appellant merely stated in his motions to dismiss the indictment and suppress the evidence that "the police officer's conduct violated the Defendant's constitutional rights to be free from unreasonable searches and seizures, U.S. Const. Amend. IV, U.S. Const. Amend. XIV." Such a casual reference to constitutional guarantees did not direct the trial court's attention to a potential violation of § 15-5-9. It is a well-settled rule in Alabama that appellate review is limited to matters properly raised in the trial court. Dailey v. State,374 So.2d 414 (Ala.Cr.App. 1979). A silent claim cannot be noisily resurrected on appeal. Brown v. State, 392 So.2d 1248
(Ala.Cr.App.), cert. denied, 392 So.2d 1266 (Ala. 1980); Gunnv. State, 387 So.2d 280 (Ala.Cr.App.), cert. denied,387 So.2d 283 (Ala. 1980). Therefore, without some express objection or ruling adverse to the appellant in the trial court, the instant question was not properly preserved for review.
 IV
Appellant argues in brief that a cigarette case which contained a small amount of marijuana and a roll of cigarette papers was inadmissible because it was not within the scope of the warrant to search appellant's premises. The case belonging to appellant's wife was recovered from her purse located in a bedroom of the residence. When the State offered the cigarette case into evidence, appellant's attorney objected that the State had not shown the relevancy of the item to the case at bar. The trial court withheld a ruling on its admission into evidence until the State could establish its relevancy. Later, after the prosecutor elicited testimony that the marijuana in the cigarette case was included in the total 2.4 pounds seized from the appellant's home, appellant's counsel then asserted, "And again, sir, we would renew our objection to it." The trial judge overruled the defense objection, and the cigarette case was admitted into evidence.
The scope of the search warrant was not mentioned as a ground for objection at trial. All grounds not specified are waived, and therefore the trial court will not be put in error on grounds never assigned. Knight v. State, 381 So.2d 680
(Ala.Cr.App. 1980). Review of objections to admission of evidence is not available unless appropriate grounds are stated. Johnson v. State, 364 So.2d 1187 (Ala.Cr.App.), cert.denied, 364 So.2d 1190 (Ala. 1978). The cigarette case was properly admitted into evidence since the State demonstrated its relevance to show where a portion of the total amount of marijuana was discovered.
 V
Appellant contends that a set of scales, three pipes bearing traces of marijuana residue, an "Alligator" or roach clip, a leaf-embossed black cigarette holder, and a brown leather carrying bag containing several clear plastic bags and thousand dollar bank wrappers that were introduced into evidence were inadmissible because they were irrelevant. We disagree.
Evidence to be competent and admissible must be relevant. In other words evidence must tend to prove or disprove the issues before the jury. Hill v. State, 366 So.2d 296 (Ala.Cr.App.),affirmed, 366 So.2d 318 (Ala. 1978). "Any fact which has a causal connection or a logical relation to another fact, so as to make the other fact either more or less probable, is competent *Page 179 
or relevant." Stokes v. State, 373 So.2d 1211, 1215
(Ala.Cr.App.), cert. denied, 373 So.2d 1218 (Ala. 1979). The general rule is that articles which are properly identified and which tend to show the commission of the crime or the manner in which it was committed or elucidate some matter in issue are admissible in evidence for inspection and observation by the jury. Morrow v. State, 52 Ala. App. 145, 290 So.2d 209, cert.denied, 292 Ala. 743, 290 So.2d 213, cert. denied,419 U.S. 853, 95 S.Ct. 97, 42 L.Ed.2d 85 (1973). The determination of the relevancy vel non of particular evidence rests largely in the sound discretion of the trial judge. Hill v. State, supra.
The Alabama Supreme Court has held that the admission of various items of drug "paraphernalia" is permissible in order for the State to show the "complete story." Brantley v. State,55 Ala. App. 493, 317 So.2d 337 (1974), reversed, 294 Ala. 344,317 So.2d 345 (1975), on remand, 55 Ala. App. 717, 317 So.2d 347
(1975), cert. denied, 294 Ala. 346, 317 So.2d 348 (1975). See also McHellen v. State, 351 So.2d 689 (Ala.Cr.App. 1978);Mitchum v. State, 384 So.2d 1193 (Ala.Cr.App.), cert. denied,384 So.2d 1205 (Ala. 1980); Green v. State, 384 So.2d 1215
(Ala.Cr.App. 1980). However, in Brantley, the predecessor of these cases, the court explained that the "complete story" was necessary in order to determine whether the marijuana in that case was possessed for sale or for personal use. Section20-2-80, Code of Ala. 1975, does not make a felony/misdemeanor distinction based upon the use for which marijuana is possessed. Section 20-2-80 is strictly a felony offense. The State must only prove in the case at bar that the appellant was "knowingly in actual or constructive possession of, in excess of one kilo or 2.2 pounds of cannabis." We believe that these items were relevant as circumstantial evidence illustratingknowing possession of marijuana by the appellant. Therefore, the trial judge properly admitted the contested items into evidence.
 VI
Appellant was adjudged guilty of "trafficking in cannabis" contrary to § 20-2-80, Code of Ala. 1975 (1980 Cumulative Supplement) Act No. 80-587, Acts 1980, page 926. Appellant asserts that this act violates the equal protection clause of the Fourteenth Amendment to the United States Constitution. He contends that the State indicted him under § 20-2-80 while other identical offenders have been charged with violation of the less stringent older provision, § 20-2-70. Appellant claims that both of these statutes encompass the same criminal act. We note, however, that the appellant completely missed the obligatory hurdle for appellate review when he failed to raise this question at the trial below. Constitutional rights must be seasonably raised in the lower court. Hollis v. State,380 So.2d 409 (Ala.Cr.App. 1980). Therefore, the constitutionality of Act No. 80-587 is not subject to review on the instant appeal.
Nevertheless, it is necessary for this court to examine the interplay between §§ 20-2-70 and 20-2-80 because appellant insists that the trial judge erred when he instructed the jury that the appellant could not be found guilty under § 20-2-70 if he possessed more than 2.2 pounds of marijuana.
A state, in the exercise of its police power, may regulate the administration, sale, possession, and use of narcotic drugs. Warren v. State, 52 Ala. App. 35, 288 So.2d 817, reversedon other grounds, 292 Ala. 71, 288 So.2d 826, on remand,52 Ala. App. 708, 288 So.2d 832 (1973). Without analyzing these two statutes in their entirety, concentrating only on the proscriptions against marijuana possession, we find that any conflicts or discrepancies in penalties, definitions, or other differences between those sections must be resolved in favor of § 20-2-80.
The Alabama legislature enacted § 20-2-80 in 1980 and by express provision repealed all laws or parts of laws conflicting with that act. Section 20-2-70 was passed in 1971 as a part of the Alabama Controlled Substances Act. Hence, § *Page 180 20-2-80 supersedes the application of § 20-2-70 when the offender possesses in excess of 2.2 pounds of marijuana, whether for personal use or sale, and whether for the first time or as a repeat offender. We find that the legislature did not intend to completely repeal § 20-2-70. Rather, its application is now limited to offenders who possess 2.2 pounds of marijuana or less. For those defendants misdemeanor treatment is still available for first offenders proving personal use, and subsequent felony offenders possessing 2.2 pounds or less of marijuana will be punished as provided by the first and last clauses of § 20-2-70. Therefore, we find the instruction given by the trial judge in this case was consistent with this analysis and resulted in no error.
Appellant additionally argues that the State failed to prove a prima facie case of "trafficking in cannabis." Quite to the contrary, the State presented positive and unequivocal proof that the appellant knowingly possessed 2.4 pounds of marijuana. We believe the State furnished ample evidence upon which the jury could base a finding of guilt.
 VII
Finally, appellant contends that the maximum sentence of life which may be imposed under § 20-2-80 constitutes cruel and unusual punishment in derogation of his rights protected by the Eighth Amendment to the United States Constitution.
The trial judge did not sentence the appellant to life, but to imprisonment for twenty years and one day. We have previously held that "where the punishment prescribed by the legislature is severe merely by reason of its extent, as distinguished from its nature, there is no collision with the Eighth Amendment." Messelt v. State, 351 So.2d 636, 639
(Ala.Cr.App.), cert. denied, 351 So.2d 639 (Ala. 1977). "Whatever merit there may be in the argument made by appellant if and when addressed to the Legislature, it furnishes no support for a determination by the court, in favor of appellant, of his contention as to the unconstitutionality of the punishment prescribed by the Legislature." Burch v. State,375 So.2d 546, 548 (Ala.Cr.App. 1979).
We find that the actual sentence to be served by the appellant furnishes him no standing to raise an issue of the constitutionality of a potential maximum sentence which was not imposed. Appellant did not argue that twenty years and one day was an excessive term of imprisonment. The punishment was fair, timely administered, and well within the statutory limit, and we find nothing to review. Brown v. State, 392 So.2d 1248
(Ala.Cr.App.), cert. denied, 392 So.2d 1266 (Ala. 1980).
AFFIRMED.
All the Judges concur.