474 So.2d 145 (1985)
Ex parte Ronald Lee KERR.
(In re: Ronald Lee Kerr v. State of Alabama).
83-1342.
Supreme Court of Alabama.
March 8, 1985.
Rehearing Denied May 10, 1985.
*146 Donald R. Rhea and Clarence F. Rhea, Rhea, Boyd & Rhea, Gadsden, for petitioner.
Charles A. Graddick, Atty. Gen., and Glenn L. Davidson, Asst. Atty. Gen., for respondent.
PER CURIAM.
We granted Petitioner's request to review the Court of Criminal Appeals' affirmance of his conviction for violating Code 1975, § 20-2-80 (trafficking in cannabis). 474 So.2d 142, appealing after remand 416 So.2d 781. Our grant of the writ was grounded on Petitioner's claim that the trial court erred in refusing his requested jury instruction on lesser included offenses. We reverse and remand.
The facts of the case are fully reported in the Court of Criminal Appeals' opinion and will be referred to here only to the extent necessary to our holding. The Court of Criminal Appeals, in affirming the trial court's denial of Petitioner's request for a charge on lesser included offenses, used the following language:
"[W]e held [in Beasley v. State, 408 So.2d 173 (Ala.Crim.App.1981), cert. denied, 408 So.2d 180 (Ala.1982)] the following: `... Section 20-2-80 supersedes the application of Section 20-2-70 when the offender possesses in excess of 2.2 pounds of marijuana, whether for personal use or for sale, and whether for the first time or as a repeat offender. We find that the legislature did not intend to completely repeal Section 20-2-70. Rather, its application is now limited to offenders who possess 2.2 pounds of marijuana or less.'[1]
"Appellant was found in possession of more than 2.2 pounds of marijuana, and under the facts of this case was properly charged and convicted under Section 20-2-80. An accused is not entitled to have the jury charged on a lesser included offense unless there is a reasonable theory from the evidence to support the lesser offense. [Citations omitted.]"
The problem with the Court of Criminal Appeals' analysis of the issue lies in its assumption that the propriety of a lesser-included-offense charge is tested by whether the evidence supports the higher offense. Rather, the appropriate test is whether there was evidence to support a finding of a lesser included offense. If the instant jury had believed the accused's defense theorythat he possessed the quantity of marijuana found beside him on the car seat and that he had no knowledge of the contents of the duffel bag in the trunkit would have been justified in returning a verdict of guilty pursuant to § 20-2-70. Here, the evidence would support a finding under either § 20-2-70 or § 20-2-80. The fact that the indictment was returned under § 20-2-80 and the further fact that the evidence is sufficient to support a guilty verdict pursuant to that higher offense, do not preclude the giving of a lesser-included-offense charge.
As we stated in Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973), "A defendant who is accused of the greater offense is entitled to have the court charge on the lesser offenses included in the indictment, if there is any reasonable theory from the evidence which would support the position." Indeed, Fulghum finds its mandate in Code 1975, § 13A-1-9:

*147 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
"(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
"(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense...."
Conduct proscribed by § 20-2-70 is clearly a lesser offense included in the criminal conduct addressed in § 20-2-80; and a jury instruction to that effect is required, where requested, if any reasonable theory of the evidence supports a finding of the lesser offense. Here, the absence of a lesser included offense charge left the jury without the option of finding the accused guilty of violating § 20-2-70 in accordance with his own theory of possession of less than 2.2 pounds for his personal use.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
MADDOX and BEATTY, JJ., dissent.
BEATTY, Justice (dissenting):
The majority holds that the defendant Kerr was entitled to a charge on the lesser included offense of possession for personal use under Code of 1975, § 20-2-70, because the jury could have believed Kerr's defense "that he possessed the quantity of marijuana found beside him on the car seat [less than 2.2 pounds], and that he had no knowledge of the contents of the duffel bag in the trunk [substantially over 2.2 pounds]." Although Kerr argues this point in brief, there is nothing properly before this Court which indicates that such a defense was raised at trial. The opinion by the Court of Criminal Appeals makes no mention of the defense relied on by Kerr. That opinion merely states that more than seven pounds of marijuana was found in Kerr's car, some in the front seat, the remainder in the trunk. Kerr did not file a Rule 39(k), A.R.A.P., motion to present for our consideration any additional facts. Therefore, the only facts upon which this Court can base its review are those recounted by the Court of Criminal Appeals. Ex parte Bates, 461 So.2d 5 (Ala.1984); Rule 39(K). Under those facts, the Court of Criminal Appeals was correct in holding that Kerr was not entitled to a charge on possession for personal use under § 20-2-70. See Beasley v. State, 408 So.2d 173 (Ala.Crim.App.1981), cert. denied, 408 So.2d 180 (Ala.1982).
MADDOX, J., concurs.
NOTES
[1] Beasley was not concerned with the propriety of a lesser-included-offense charge. To be sure, the trial court in Beasley instructed the jury that the accused could not be found guilty under § 20-2-70 if he possessed more than 2.2 pounds of marijuana. Thus, the charge approved in Beasley is consistent with our instant holding that the trial court erred in refusing Kerr's request for a lesser-included-offense charge.