ADAMS, Justice.
We granted certiorari in this case to determine whether the Court of Criminal Appeals, 492 So.2d 670 (Ala.Cr.App.1986), erred when it affirmed the defendant’s conviction. We are of the opinion that our decision in Ex parte Kerr, 474 So.2d 145 (Ala.1985), mandates a reversal in this instance.
The defendant, James Caver, was indicted for trafficking in marijuana after law enforcement officers seized marijuana from his property. The officers confiscated 8.1 grams from Caver’s home and 9.4 pounds of growing marijuana from two plots in his backyard. The defendant admitted to possessing only the 8.1 grams of marijuana seized from his home. The defendant further testified that he had no knowledge of the marijuana plants growing outside his home, and that a Laotian man had lived in his house over the summer months.
At trial, defense counsel attempted to elicit testimony that possession of the marijuana found in the house would be only a misdemeanor, but the testimony was not allowed by the trial court. At the close of the trial, defense counsel sought to have the jury instructed on the lesser-included offense of misdemeanor possession of marijuana, but the court refused to so instruct the jury.
The facts of this case are very similar to those in Ex parte Kerr, supra. In Kerr, the defendant was also indicted under § 20-2-80, Code of Alabama 1975, the trafficking-in-cannabis statute. In Kerr, officers also found marijuana in two places: a small amount on the car seat next to the defendant, which he admitted to possessing, and a larger amount, in excess of 2.2 pounds, in the trunk of the car in a duffel bag, which defendant claimed to have no knowledge of at the time of its confiscation. Finally, as here, the court refused to instruct the jury on the lesser-included offense of possession of marijuana for personal use, and the defendant was convicted of trafficking in cannabis.
In support of its judgment affirming the defendant’s conviction in Kerr, the Court of Criminal Appeals stated:
“Appellant was found in possession of more than 2.2 pounds of marijuana, and under the facts of this case was properly charged and convicted under Section 20-2-80. An accused is not entitled to have the jury charged on a lesser included offense unless there is a reasonable theory from the evidence to support the lesser offense. [Citations omitted.]”
474 So.2d at 146.
Our response to the Court of Criminal Appeals’ reasoning in Kerr is equally applicable in the instant case. In Kerr, we stated:
The problem with the Court of Criminal Appeals’ analysis of the issue lies in its assumption that the propriety of a lesser-included-offense charge is tested by whether the evidence supports the higher offense. Rather, the appropriate test is whether there was evidence to support a finding of a lesser included *1316 offense. If the instant jury had believed the accused’s defense theory — that he possessed the quantity of marijuana found beside him on the car seat and that he had no knowledge of the contents of the duffel bag in the trunk — it would have been justified in returning a verdict of guilty pursuant to § 20-2-70. Here, the evidence would support a finding under either § 20-2-70 or § 20-2-80. The fact that the indictment was returned under § 20-2-80 and the further fact that the evidence is sufficient to support a guilty verdict pursuant to that higher offense, do not preclude the giving of a lesser-included-offense charge.
As we stated in Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973), “A defendant who is accused of the greater offense is entitled to have the court charge on the lesser offenses included in the indictment, if there is any reasonable theory from the evidence which would support the position.” ...
[[Image here]]
Conduct proscribed by § 20-2-70 is clearly a lesser offense included in the criminal conduct addressed in § 20-2-80; and a jury instruction to that effect is required, where requested, if any reasonable theory of the evidence supports a finding of the lesser offense. Here, the absence of a lesser included offense charge left the jury without the option of finding the accused guilty of violating § 20-2-70 in accordance with his own theory of possession of less than 2.2 pounds for his personal use.
474 So.2d at 146-47.
The State has presented us with no reasonable arguments as to why the defendant in this case should not be afforded the same protections as was defendant Kerr. We are of the opinion that the court should have instructed the jury, when requested, on the lesser-included offense of possession of cannabis, and in failing to do so, committed reversible error. Therefore, the judgment of the Court of Criminal Appeals affirming defendant’s conviction is hereby reversed.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.